[Civ. No. 14732.   Second Dist., Div. Two.   Mar. 29, 1945.]

FOREST JOHN BRAINARD, Appellant, v. THE STATE BOARD OF MEDICAL EXAMINERS et al., Respondents.

J. Edward Keating and Theodore E. Bowen for Appellant.

Robert W. Kenny, Attorney General, and Carl W. Wynkoop, Deputy Attorney General, for Respondents.

WOOD (W. J.), J.—Petitioner was licensed on November 23, 1938, as a physician and surgeon. On December 2, 1942, a complaint was filed with the Board of Medical Examiners of the State of California in which it was charged that petitioner was guilty of unprofessional conduct as defined by section 2383 of the Business and Professions Code, and more particularly that he had been "convicted of a crime involving moral turpitude, to-wit, violation of section 11225 of the Health and Safety Code of the State of California, failure to keep records of narcotics dispensed, . . ." A copy of the record of petitioner's conviction by the Municipal Court of Los Angeles was attached to the complaint, showing that on September 3, 1942, petitioner entered a plea of guilty to the charge of violating section 11225 of the Health and Safety Code. After a hearing the Board of Medical Examiners revoked petitioner's license and petitioner filed with the superior court a petition for a writ of mandate to require the board to restore his license. Petitioner has appealed from a judgment in favor of defendant board.

In contending that the evidence is insufficient to justify the revocation of his license petitioner asserts that he was not found guilty in the Municipal Court of Los Angeles of a crime involving moral turpitude and points to the fact that he was given a suspended sentence of one day upon the entry of his plea of guilty to the charge of failure to keep a record of narcotics dispensed.

The board has authority to revoke the certificate of a physician who is found to be guilty of unprofessional conduct and it is expressly provided by statute that conviction of any offense involving moral turpitude constitutes unprofessional conduct. (Bus. & Prof. Code, § 2383.) Section 11225

of the Health and Safety Code makes it a public offense for anyone to administer or dispense narcotics without making a record of the transaction, which shall be open to inspection by specified state officers, an offense which is not a felony, but section 2383 of the Business and Professions Code does not require that the offense of which the holder of a license is convicted be a felony. It is merely required that the conviction be "of any offense involving moral turpitude."

Whether or not the offense committed did in fact involve moral turpitude depends upon all of the surrounding circumstances. The Board of Medical Examiners was not limited by the sentence pronounced by the municipal court, but it was justified in hearing evidence concerning all of the circumstances surrounding the offense for the purpose of determining if indeed moral turpitude was involved. (*In re Hatch,* 10 Cal.2d 147 [73 P.2d 885]; *In re Rothrock,* 16 Cal.2d 449 [106 P.2d 907, 131 A.L.R. 226]; *State* v. *Mason,* 29 Ore. 18 [43 P. 651, 54 Am.St. Rep. 772]; *State Board of Medical Examiners* v. *Friedman,* 150 Tenn. 152 [263 S.W. 75].) The same rule was applicable when petitioner filed his application for a writ in the superior court.

The record contains ample evidence to sustain the board's finding that petitioner was guilty of an offense involving moral turpitude. Inspector John Fennell, of the Division of Narcotic Enforcement, testified that on September 3, 1940, he and Inspector Sanford gave marked money to a narcotic addict, whom they called an "operator." The "operator" entered petitioner's office and returned with narcotics. The same procedure was followed two days later. The marked money was recovered from petitioner. When confronted by the officers petitioner asserted that, although he had read the Narcotic Act, he did not know that he had to keep records and that the "operator" was a sick man. An examination of petitioner's records and of his stock disclosed a shortage in his supply of narcotics. The markings on the arm of the "operator" and his general physical appearance indicated that he was a narcotic addict.

Petitioner asserts that he was deprived of his license without due process of law, basing his assertion upon the fact that he was charged in the complaint before the Board of Medical Examiners with the conviction of a misdemeanor. In the charge before the board it was set forth that petitioner

had been convicted of a crime involving moral turpitude, and although it was specifically set forth that he was guilty of the violation of section 11225 of the Health and Safety Code, the language of the charge was such that petitioner was notified that he would be called upon to meet the accusation that the circumstances surrounding the commission of the offense involved moral turpitude. He was given opportunity to meet this charge at the hearing which was accorded him. It is not claimed that a charge of unprofessional conduct may not be based upon the furnishing of narcotics to an addict. (Bus. & Prof. Code, § 2391.)

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied April 13, 1945, and appellant's petition for a hearing by the Supreme Court was denied May 24, 1945. Carter, J., and Schauer, J., voted for a hearing.