[S. F. No. 19451.   In Bank.   June 19, 1956.]

FREDERICK SHEETS LORENZ, Appellant, v. BOARD OF MEDICAL EXAMINERS, Respondent.

Lowell L. Dryden, Denison, Dietrich & Anderson and Hutchinson & Quattrin for Appellant.

Edmund G. Brown, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

TRAYNOR, J.—On October 3, 1952, judgment of conviction was entered on petitioner's plea of guilty to a violation of section 61, subdivision (a), of the Alcoholic Beverage Control Act[1] (now Bus. & Prof. Code, § 25658). On April 9, 1953, a special investigator for the Board of Medical Examiners filed with the board an accusation against petitioner (Gov. Code, § 11503) charging that his conviction was for an offense involving moral turpitude and that he was therefore guilty of

---

[1] "Every person who sells, furnishes, gives or causes to be sold, furnished, or given away, any alcoholic beverage to any person under the age of 21 years is guilty of a misdemeanor."

unprofessional conduct under sections 2361[2] and 2383[3] of the Business and Professions Code. It was also alleged that on or about March 13, 1947, petitioner's license had been revoked for conviction of a crime involving moral turpitude, but that the revocation was suspended and petitioner placed on probation for five years.

A hearing was held before a hearing officer on February 23, 1954. He found that discipline had been previously imposed as alleged, that the conviction in question was for giving a drink of an alcoholic beverage to a 17-year-old boy, but that the crime did not involve moral turpitude. He recommended that the accusation be dismissed. The Board of Medical Examiners, however, decided that petitioner had been convicted of a crime involving moral turpitude and revoked his license to practice medicine and surgery in California.

Petitioner filed a petition for a writ of mandate in the superior court to review the order of the board (Code Civ. Proc., § 1094.5) and a trial was had on the record before the board. The court found that ". . . said conviction was of a crime involving moral turpitude in that it arose from the furnishing of intoxicating liquor by the petitioner on or about August 17, 1952 at the Travelodge Motel in Brawley, California, to a minor . . . without just cause or explanation, and that at said time and place and in connection with the furnishing of said intoxicating liquor the petitioner did engage in immoral acts with the said minor" and entered its order discharging the alternative writ. Petitioner appeals.

█ Under the plain language of section 2383 it is the conviction alone of an offense involving moral turpitude that empowers the board to suspend or cancel a license. Since the record of conviction is conclusive evidence of the unprofessional conduct, the circumstances in which the crime was in fact committed cannot be considered. █ Moral turpitude must be inherent in the crime itself to warrant cancellation or suspension of a license because of the conviction. (*In re Hallinan*, 43 Cal.2d 243, 248-249 [272 P.2d 768].) Moral turpitude is not inherent in the crime itself unless a con-

---

[2] "The board shall take action against any holder of a certificate, who is guilty of unprofessional conduct. . . ." Business and Professions Code, § 2377 et seq., specify those acts which constitute unprofessional conduct.

[3] "The conviction of a felony, or of any offense involving moral turpitude, constitutes unprofessional conduct within the meaning of this chapter. The record of the conviction is conclusive evidence of such unprofessional conduct."

viction in every case would evidence bad moral character. (*Ibid.*) Only if the minimum elements for a conviction necessarily involve moral turpitude and a conviction cannot be had without proof of facts showing moral turpitude, can the conviction be held to be of an offense involving moral turpitude. (*Ibid.*)

We have concluded that the offense of giving an alcoholic beverage to a person under the age of 21 years does not in every case evidence a bad moral character and that moral turpitude is therefore not inherent in the crime itself. Conviction alone, therefore, of such an offense does not warrant the suspension or cancellation of a license under section 2383. *Brainard* v. *State Board of Medical Examiners*, 68 Cal. App.2d 591 [157 P.2d 7], permitting inquiry into collateral acts to determine whether a conviction was for an offense involving moral turpitude is inconsistent with our opinion herein and is disapproved.

If other acts committed at the same time as the offense for which a licensee is convicted constitute unprofessional conduct (Bus. & Prof. Code, § 2377 et seq.) the licensee may be disciplined for those acts. He must, however, be charged with such acts. (*In re Hess*, 45 Cal.2d 171 [288 P.2d 5].) In the present case petitioner was neither charged nor convicted of anything but a violation of section 61(a) of the Alcoholic Beverage Control Act.

An offense that does not necessarily involve moral turpitude may be committed by an act involving moral turpitude, e. g. section 145, subdivision (b), of the Internal Revenue Code may be violated by intentional fraud (see *In re Hallinan, supra,* 43 Cal.2d 243, 253); section 61, subdivision (a), of the Alcoholic Beverage Control Act may be violated by adulterating a nonalcoholic drink with alcohol and inducing a minor to take it in the belief that it is nonalcoholic. In such cases a licensee cannot be disciplined under a procedure that makes the record of conviction conclusive evidence of unprofessional conduct, but must be charged with the fraudulent or immoral act and given a hearing on that charge. Petitioner was not charged with such an act and there is nothing in the record to indicate any deception or other immoral act in the giving of the alcoholic beverage.

If further proceedings are to be had against petitioner for unprofessional conduct in connection with his violation of the Alcoholic Beverage Control Act they must be initiated

by those charged with that responsibility. (*Cf. In re Hallinan, supra,* 43 Cal.2d 243, 253-254.)

The judgment is reversed with instructions to the trial court to grant a peremptory writ of mandate directing the board to set aside its order of revocation.

Gibson, C. J., Carter, J., Schauer, J., Spence, J., and McComb, J., concurred.

SHENK, J., Dissenting.—The judgment is reversed on the ground that the crime of which the plaintiff was convicted (furnishing intoxicating liquor to a minor) does not necessarily involve moral turpitude and that in order to disclose the circumstances of sex perversion in connection with that crime it would be necessary independently to charge the plaintiff with, and prove, that particular crime.

I cannot agree with the circuitous course required by the court under the circumstances of this case. Dr. Lorenz was cited to answer to the charge of which he had been convicted. He appeared before the hearing officer to answer the charge. He was represented by counsel. The board was also represented. The judgment of conviction was conclusive evidence of that conviction. The board proceeded to inquire into the circumstances surrounding the conduct of the doctor in committing the crime of which he had been convicted. In my opinion the board had the power to do so. Those circumstances might disclose no moral turpitude. They might disclose conduct amounting to moral turpitude but not constituting a separate criminal offense or they might show an offense against the criminal laws of the state. If they tended to disclose any conduct involving moral turpitude the accused doctor should, in fairness, be given an adequate opportunity to meet the charge. Such an opportunity was accorded him in this case. When the board proceeded to inquire into the homosexual conduct of the accused doctor his counsel stated: "We know and we anticipated that we would have to meet this type of charge [homosexual conduct] here . . . So we selected the two outstanding men in the field of neuro-psychiatry as involves homosexual behavior that we could find, and we had him [the accused doctor] examined. Those same two doctors . . . tell you out and out frankly across the board that Dr. Lorenz is not a homosexual and there is nothing that would militate against his continuing his practice."

An objection was made to the introduction of evidence showing homosexual conduct but no objection was made on the ground that the accused doctor was taken by surprise or had no notice that the subject would be investigated. No request for a continuance was made to enable him to further combat the charge. In contesting it he introduced evidence of experts to prove that he was of good character and not homosexually inclined.

The record supports the conclusion of the board that the purpose of plying the boy with liquor was in furtherance of the accused doctor's homosexual intentions and that they were carried into effect. I see no good reason to require the roundabout way of proving in an independent action what has already been disclosed. After the administrative hearing the accused doctor resorted to the court under established practice to have the order of the board set aside. After a court hearing the action of the board was upheld. There was no abuse of discretion on the part of the trial court in refusing the aid of the court to relieve the accused of the consequences of his reprehensible conduct. I would affirm the judgment.

Respondent's petition for a rehearing was denied July 18, 1956. Shenk, J., was of the opinion that the petition should be granted.