[Civ. No. 6185.  Third Appellate District.—December 26, 1939.]

GEORGE M. KEELEY, Appellant, v. CITY OF MODESTO (a Municipal Corporation) et al., Respondents.

E. H. Zion for Appellant.

R. B. Fowler, City Attorney, for Respondents.

DEIRUP, J., *pro tem.*—Petitioner has appealed from a judgment denying a writ of mandate to reinstate him as captain of police after he had been discharged by the chief of police of Modesto. It is alleged in the petition that "said discharge was arbitrary and without cause and said petitioner was entitled and is now entitled to be employed by the City of Modesto as Captain of Police under the terms of the charter of the City of Modesto, and by law, and that his discharge was illegal and void".

The charter in question gives the chief of police power "to suspend or remove any members of the police force for disobedience of any lawful order, for violation of rules and regulations of the Police Department, and for neglect of duty, or for conduct unbecoming a member of the police force. He shall immediately file with the Mayor written charges, specifying the grounds upon which such suspension or removal is made."

The record shows that on the morning of Saturday, July 17, 1937, E. E. Arington, Chief of Police, went to the home of the petitioner and announced to him that he had been dismissed. He then prepared written charges and served them upon the mayor on the following Monday, the office of the mayor having been closed when the statement was prepared. The following are the charges as filed:

"In accordance with the charter of the City of Modesto I am writing this letter stating causes for the discharge of Captain George Keeley.

"We have had in the past considerable trouble with Captain Keeley in keeping his bills paid. The merchants of the city calling me, the Mayor and Councilmen trying to get help in collecting their bills, which was very annoying.

"Captain Keeley was put out of service through illness, was off six weeks, his condition improved until he felt he could do the work and we took him back and gave him another chance, but he did not leave liquor alone. On several occasions Captain Keeley came to the office when he had been drinking too much, and as we are trying to curb the use of liquor in the department it set a very poor example for the younger men.

"On Saturday morning July 17th, Captain Keeley went off duty at four o'clock, took police car number one and left it parked on 'H' Street in front of the jail. When I came to the office at eight o'clock I was told Keeley had the Studebaker car with him. I went up to the jail to see why a police car would be left there. I found Captain Keeley in another car just driving away. I stopped this car and talked to Captain Keeley a few minutes, saw his condition, that he was intoxicated. Immediately I contacted Commissioner Stanley who in turn contacted you. I then went and relieved Captain Keeley of further duties in the department.

"I am sorry this came up, true the man was off duty but that does not excuse drunkenness on a public street, and the taking of police equipment away from the office."

After a trial of the matter the court filed findings as follows:

"2. That on or about the 17th day of July, 1937, E. E. Arington, Chief of the Police Department of the City of Modesto, removed the said George M. Keeley from membership in said Police Department of said City.

"3. That on said date, or as soon thereafter as possible, the said E. E. Arington filed with the Mayor of the City of Modesto written charges against the said George M. Keeley, charging the said George M. Keeley with having been guilty of conduct unbecoming a member of the Police force of the City of Modesto, and, secondly, with the act of using City-owned property for purposes other than on behalf of said City.

"4. The court further finds that on said 17th day of July, 1937, and during the morning of said date, the petitioner George M. Keeley took and consumed several drinks of whiskey while engaged in working on a public street in the City of Modesto, County of Stanislaus, State of California."

The conclusions of law were as follows:

"1. That the Chief of Police of the City of Modesto has complied with all of the provisions of the Charter of said City in effecting the removal of said petitioner from the Police force of the City of Modesto. That the Chief of Police must be granted the right and privilege to exercise his sound discretion in determining whether or not a member of his police force is guilty of conduct unbecoming an officer.

"2. That it is legally presumed that the Chief of Police acting in his capacity as an officer properly performed his duty, and that in discharging said petitioner he acted in good faith and for the well-being of his Police force.

"3. That by the terms of the Charter of the City of Modesto, wide discretion is granted to the Chief of Police relative to his determination whether or not members of his Police force have been guilty of conduct unbecoming an officer.

"Courts of law cannot properly interfere with lawful orders made in the exercise of such discretion unless proof is adduced clearly showing an abuse of the discretion lodged in said Chief of Police.

"The evidence in this case is insufficient to establish an abuse by the Chief of Police of the discretion lodged in him by the said Charter."

Petitioner contends that inasmuch as the chief of police did not specify in his statement any one of the grounds which are set out in the charter provision, but charged intoxication, it became necessary for the court to determine whether intoxication is conduct unbecoming a member of the police force

and also that petitioner was intoxicated, and that the judgment should be reversed because no such finding of fact or conclusion of law was made by the trial court.

The court found facts in its conclusions of law, but they are nevertheless to be regarded as findings of fact. (*Linberg* v. *Stanto,* 211 Cal. 771 [297 Pac. 9, 75 A. L. R. 555]; 24 Cal. Jur. 962.) It sufficiently appears that the court found that the petitioner was dismissed because of conduct unbecoming a member of the police force. It is true that these precise words were not used in the written statement of charges, but it is entirely clear that the chief of police dismissed the petitioner because of his conduct and that he considered that conduct unbecoming an officer. It is found further that the chief of police acted in good faith, and that he filed the written charges in accordance with the provisions of the charter. It was not the province of the court to substitute its judgment for that of an administrative officer in this case. The issue before it was not the truth of the charges as such excepting in so far as the evidence might show fraud or oppression. Having determined that the chief of police acted in good faith, it was not necessary for the court to make findings with respect to the truth of the charges. (*Dorothy* v. *Drapeau,* 9 Cal. App. (2d) 280 [49 Pac. (2d) 343].)

As a rule, in the absence of civil service laws, the head of an administrative office is permitted to employ and discharge subordinates at will. This practice promotes efficiency. On the other hand, it is subject to abuse, in that it permits the head of a department to remove a deputy for mere political purposes or other improper motives. It is for this reason that such provisions as are contained in the Modesto charter have often been adopted. The requirement that the reasons for a dismissal must be stated in writing checks the tendency of the departmental head to act arbitrarily to a very appreciable extent.

This subject is discussed in the case of *Cronin* v. *Civil Service Com.,* 71 Cal. App. 633 [236 Pac. 339], where the situation under discussion was similar to the one now before us. The charter of Los Angeles County empowered the sheriff to discharge any of his deputies but required him to serve a statement of the reason for the dismissal upon the deputy, allow him a reasonable time to answer and file the statement

and a copy of the answer with the civil service commission. It was held in that case that the dismissal was incomplete until these acts had been done, but that when they had been done the employee had no right to a hearing before the commission.

The Supreme Court of this state has interpreted in a similar manner the provisions of the state Civil Service Act (Stats. 1913, p. 1035) which govern the dismissal of probationary civil service employees. In *Neuwald* v. *Brock*, 12 Cal. (2d) 662 [86 Pac. (2d) 1047], it was held that an employee in that status who was discharged because his services were unsatisfactory was not entitled to a hearing before the civil service commission or to a trial on the merits in court. Neuwald was discharged by the director of agriculture. He sought reinstatement by writ of mandate in the superior court. Judgment was entered in his favor, but was reversed on appeal.

Section 9 of the said act provided that:

''All appointments shall be for a probationary period to be fixed by the commission but not to exceed six months. Unless such appointee shall have been dismissed within such probationary period by the appointing power, for reasons stated in writing and filed with the commission, his appointment shall become permanent subject to the provisions of this act as to removals, suspensions and changes.''

A rule of the commission provided that:

''If during the probationary period, the conduct or capacity of the probationer has not been satisfactory to the appointing power, the probationer may be dismissed, in the discretion of the appointing power, and the appointing power shall inform the executive member of the commission in writing of the reason for such dismissal.''

It is said in the opinion:

''The reason stated by Director Brock for the dismissal of petitioner, and filed in writing by him with the commission, was that the conduct and capacity of petitioner as such probationary employee during such probationary period had 'not been satisfactory to me the appointing power'. As the reason stated by the director and filed with the commission followed the precise language of rule 9 of the Civil Service Commission, we fail to see upon what grounds the petitioner bases his contention that the reason assigned by the director

in his written statement filed with the commission failed to satisfy the requirements of rule 9 of the commission.''

In other words, the statement of grounds for dismissal may be couched in the words of the statute or rule. The particulars in which the employee has not been satisfactory need not be given.

In that case the employee sought to attack the truth of the reasons given for the dismissal and convinced the trial court that the true reason was not that his conduct and capacity had been unsatisfactory to the appointing power. As to this the Supreme Court said:

''It will be noted that in finding XIV mentioned above, the court found that the reason given by Director Brock in his statement to the commission for petitioner's dismissal was untrue, and was a pretext adopted by him in order to frustrate petitioner from acquiring a permanent civil service status. Relying upon this finding of the court, the petitioner contends that his dismissal was actuated by improper motives on the part of the director and was therefore illegal and should be declared so by this court. Practically the same position was assumed by the petitioner in the case of *Kennedy* v. *State Personnel Board*, 6 Cal. (2d) 340, 344 [57 Pac. (2d) 486]. The board of dental examiners had stated as the reason for Kennedy's dismissal that his conduct and capacity had not been satisfactory to the appointing power. The same reason, as we have seen, was given by Director Brock for petitioner's dismissal. Kennedy contended that this reason was untrue as the Board of Dental Examiners had at the time of his dismissal adopted and passed a resolution that his services were satisfactory, although they subsequently passed another resolution declaring that his services were unsatisfactory and charging him with improper political activity. In passing upon this contention of Kennedy, the court said: 'The only remaining contention of petitioner which requires mention is that his dismissal was for improper motives. In this connection he alleges that his services were declared satisfactory by the dental board in a resolution adopted at the time of his dismissal, and that subsequently another resolution was passed charging him with unsatisfactory conduct and improper political activity. In our opinion these allegations do not present an appropriate case for judicial review. There is no

sufficient affirmative showing of fraud or bad faith on the part of the board, and it has been a recognized rule that an inquiry into extraneous facts to determine the possible improper motive of an executive or administrative board in dismissing an employee is not justified. (See *Livingstone* v. *MacGillivray*, 1 Cal. (2d) 546 [36 Pac. (2d) 622]; *State* v. *Kennelly*, 75 Conn. 704 [55 Atl. 555].)

"From the foregoing we conclude that finding XIV of the trial court that the reason given by Director Brock for the dismissal of petitioner was not a valid or sufficient reason for his dismissal from his probationary position is not supported by the evidence. . . . In the dismissal of petitioner, Director Brock, the appointing power under which petitioner was holding his probationary position, complied with all the requirements of said section 9 of said act in order to legally dismiss petitioner from his said position. His dismissal was, therefore, legal, and the judgment of the trial court herein is reversed with directions to enter its judgment that the alternative writ heretofore issued be discharged and that a peremptory writ be denied."

Where reasons are required to be stated, a dismissal does not become effective if the statement is not filed. (*Nilsson* v. *State Personnel Board*, 25 Cal. App. (2d) 699 [78 Pac. (2d) 467]; *Kelly* v. *State Personnel Board*, 31 Cal. App. (2d) 443 [88 Pac. (2d) 264].) But in the case now before us the statement of the reasons was filed with the mayor pursuant to the terms of the city charter, and the discharge thereupon became complete.

Our attention has been called to the case of *Bannerman* v. *Boyle*, 160 Cal. 197 [116 Pac. 732], in which it is held that an officer who was appointed for a fixed term, under a charter provision that he could be removed for cause, could not be dismissed without notice and a hearing. That decision is not applicable here. There is nothing in the record which indicates that petitioner was appointed either for a fixed term or during good behavior. Nor are the grounds of removal set out in the charter equivalent to the term "for cause". And it has been held that where a mayor was authorized to dismiss "for cause" any officer appointed by him but was required to give notice thereof to the person removed and notify the common council, an opportunity for a hearing was not allowed the person dismissed. (*Matter of Carter*,

141 Cal. 316 [74 Pac. 997].) Furthermore, these cases deal with the right of a subordinate to a hearing on the charges before an administrative board or officer, not to a trial in court.

Our conclusion is that the chief of police complied with the provisions of the charter and that the judgment should be affirmed, and it is so ordered.

Tuttle, J., and Thompson, Acting P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 25, 1940.