[Civ. No. 21145. Second Dist., Div. One. Nov. 28, 1955.]

MEIER SCHNEIDER, Appellant, v. CIVIL SERVICE COMMISSION OF LOS ANGELES COUNTY et al., Respondents.

Preston D. Orem for Appellant.

Harold W. Kennedy, County Counsel, and Andrew O. Porter, Deputy County Counsel, for Respondents.

WHITE, P. J.—This is an appeal from a judgment of the Superior Court of Los Angeles County denying a peremptory writ of mandate and discharging an alternative writ theretofore issued, thereby affirming the action of the Civil Service Commission of Los Angeles County sustaining the discharge of appellant from his civil service position as senior air pollution chemist of the Air Pollution Control District of said county.

On March 31, 1954, appellant was served with an amended letter of discharge containing fifteen (15) charges upon which his discharge was predicated. Appellant answered said letter and requested a hearing before respondent civil service commission. The matter was tried before said commission at a formal two-day hearing at which witnesses testified under oath, the testimony was recorded by a court reporter, and documentary evidence was received. The reporter's transcript of the commission hearing and the original exhibits were in evidence before the superior court, and, pursuant to rule 10(b), Rules on Appeal, have been transmitted to this court.

The foregoing amended letter of discharge set forth, "Your attitude, inability and refusal to carry out orders, violation of direct orders, your approach to the air pollution control program and your actions in regard to the supervisors and fellow employees are such that your continued

employment is a detriment to the Air Pollution Control District.'' Then follows fifteen specific charges, each set up in a numbered paragraph.

At the hearing before respondent commission, several of the charges were dismissed, while others were found "not true'' or ''not established,'' leaving charges 1, 2, 5, part of 12, 13, 14 and 15, upon which the question arises as to whether the evidence supports respondent commission's finding that appellant's discharge was justified.

Following the hearing before respondent commission the latter made findings upon the charges preferred against appellant from which the following conclusions were made:

''The Commission therefore concludes that said employee, MEIER SCHNEIDER, refused to carry out orders, violated direct orders. A majority of the Commission concludes that said employee was guilty of actions making his continued employment in the District a detriment to the District.

''The majority of the Commission therefore concludes that the facts and reasons stated justify the discharge of said MEIER SCHNEIDER.

''Dated this 8th day of July, 1954.

''/s/ Winston W. Crouch
President
''/s/ Hayden F. Jones

''I concur in the statement of facts and in the conclusion that said employee refused to carry out orders and violated direct orders, but dissent from the conclusion that his actions made his continued employment a detriment. I believe a thirty day suspension is sufficient punishment for the acts alleged, many of them being trivial, and that the facts do not justify the discharge of MEIER SCHNEIDER.

''Dated this 8th day of July, 1954

''/s/ Harry Albert''

Appellant's first contention is that the findings of fact upon a material issue are contradictory and irreconcilable, and therefore the judgment must be reversed. The claimed contradictory finding concerns the truth or falsity of Paragraph XII of appellant's petition for writ of mandate which reads as follows: ''That, as stated by Civil Service Commission Member Harry Albert in his dissenting opinion Exhibit 'C,' (page 4), the 'facts do not justify the discharge of Meier Schneider,' nor did petitioner's actions make 'his continued employment a detriment.' ''

Paragraph I of the findings of fact by the trial court reads in part, "That all the allegations of Paragraphs . . . XII . . . of the Petition for Writ of Mandate are true. . . ."

It is appellant's contention that by adopting Paragraph XII of the petition for writ of mandate as "true" the court found, quoting from said Paragraph XII, that the "facts do not justify the discharge of Meier Schneider," nor did appellant's actions make "his continued employment a detriment." Appellant insists that this finding is contradictory of and irreconcilable with that portion of Paragraph III of the findings of fact which states "That there was substantial evidence to support each and every one of the findings made by the Civil Service Commission, and the findings support the Commission's conclusion that Petitioner's discharge was justified." Appellant insists that the court below adopts both the "findings of the majority of the Commission and the findings of Commissioner Albert in that the sentence quoted does not specify the findings of a 'majority of the Commission,' but specifies the 'findings made by the Civil Service Commission,' which included the minority findings of Commissioner Albert."

The weight of authority supports the rule that on appeal findings of fact must be read together and so construed as to uphold rather than to defeat the judgment. Ambiguities or uncertainties in findings must, if reasonably possible, be construed to support the judgment (*Woodbine v. Van Horn,* 29 Cal.2d 95, 109 [173 P.2d 17]; *City of Signal Hill v. Wyse,* 9 Cal.App.2d 641, 642 [50 P.2d 1076]; *Ensele v. Jolley,* 188 Cal. 297, 302 [204 P. 1085].) In the case at bar, although the findings might well be improved, the claimed inconsistency appears to be one of words rather than ideas. Having in mind the prevailing rule of liberal interpretation of findings and reading them in their entirety, we are persuaded that the claimed conflict is not material and certainly could not result in a miscarriage of justice (Cal. Const., art. VI, § 4½; Code Civ. Proc., § 475). Manifestly, no prejudice occurred to appellant and unless injury or prejudice to appellant ensued from the claimed error a reversal is not warranted (*Tupman v. Haberkern,* 208 Cal. 256, 263 [280 P. 970]). Paragraph XII of appellant's petition alleged that Commissioner Harry Albert made certain statements which are quoted from the conclusions arrived at by respondent commission and the court merely found that it was "true" that he made such statements. The court found

"That there was substantial evidence to support each and every one of the findings made by the Civil Service Commission, and the findings support the Commission's conclusion that Petitioner's discharge was justified." The findings of a "majority of the Commission" constitute the findings of the commission, while the dissent of Commissioner Albert does not. The sole question before the trial court was a determination of whether there was substantial evidence in the record to support the findings of. respondent commission (Code Civ. Proc., § 1094.5.) The court made its findings on that issue. Therefore, the truth or falsity of Paragraph XII of appellant's petition for writ of mandate and the finding thereon is neither material nor prejudicial.

Appellant next contends there is no substantial evidence in the record to support the decision of respondent commission in that the facts do not justify his discharge.

Count 1 charges that appellant was instructed to collect the young leaves from the previous year's growth from four types of vegetation for the purpose of performing fluoride analyses. Instead he substituted a method of his own not acceptable to the district, and although asked several times to follow his supervisor's instructions, he failed to do so. He took numerous samples from trees other than the ones specified. The commission found these facts to be true. That determination is supported by the testimony of Gordon P. Larson, Director of the Air Pollution Control District, and other testimony adduced at the hearing.

Count 2, charging a violation of office procedure for submitting papers for typing, was found true by the commission. Some of the evidence on this question showed: That petitioner violated instructions and procedures by submitting material for typing without the prior approval of his supervisors, as required by district rule.

Count 5, charging appellant with criticisms of his supervisors and fellow employees, was found true by the commission. Some of the evidence supporting the charge is as follows: That on February 6, 1953, petitioner referred to his supervisor as completely unqualified and a "daisy picker." On December 16, 1953, petitioner referred to the Plant Section of the Air Pollution Control District and its vegetation program as "ridiculous."

Count 12, alleging ridicule of his supervisors after being ordered to standardize certain solutions, was found true by the commission, but the commission found the allegation that

appellant attempted to discourage other employees from following the supervisors' instructions not true. Some of the evidence supporting the first part of the charge is as follows: When another employee was told to standardize silver nitrate, one-tenth normal, petitioner said, "Whoever heard of standardizing a silver nitrate solution? It doesn't deteriorate. It is the same thing as labeled on the bottle. It is ridiculous."

Count 13, alleges deliberate and disturbing loud talking, which the commission found to be true. Some of the evidence supporting it is as follows: That petitioner engaged in loud conversations concerning matters of no importance to his assignment, preventing another employee from working.

Count 14, alleges the withholding of certain data sheets from the supervisor and waiting until he had "run around awhile" looking for them before putting them on his desk. The commission referred to this as a practical joke but found the statement to be true. Some of the evidence supporting it is as follows: That on March 8, 1954, petitioner's immediate supervisor asked for information concerning a report petitioner had turned in. Petitioner told him the report might be in a number of places and after the supervisor had searched for a considerable period of time, petitioner told him it was on his desk, he just wanted the supervisor to "run around a little while."

Count 15, alleges the refusal to do an analysis. The commission found the charge to be true. Some of the evidence in support thereof is as follows: That on June 29, 1953, petitioner was ordered to do a zinc analysis on a soil sample. Petitioner in a loud voice objected to doing so, insulted his supervisor, and said "he could see no reason to do it and would not do it unless he was very strongly ordered to do it."

The commission also found the allegations of the answer to the amended charges filed by appellant before the Civil Service Commission, and particularly the allegations of Paragraphs 15 and 18 thereof, were not true.

Appellant introduced before the commission five employee efficiency reports covering the period from January 1, 1949, to December 31, 1953, inclusive. These reports show that appellant's rating for 1952 and 1953 was only "fairly satisfactory" and the 1953 report shows certain improvement was necessary in connection with: amount of work performed; completion of work promptly on schedule; attentiveness or application to duties; cooperation with others; courtesy toward others; meeting and handling the public, and getting

along with fellow employees. This report also states that he was definitely below requirements with respect to courtesy towards others.

■ The Civil Service Commission of Los Angeles County is a local administrative tribunal exercising quasi judicial powers and its actions may be reviewed by mandamus.

■ However, on such a review the chief issues are whether the person affected has been accorded a fair hearing, and if so, whether there is any substantial evidence to support the determination of the administrative board. In the review proceedings the court must confine itself to the showing made before the administrative tribunal with regard to the sufficiency of the evidence. ■ The power to make the determination of whether or not there is a basis for the discharge in the instant case is vested in respondent commission. In the absence of a claim that the commission proceeded without or in excess of jurisdiction, or that the trial was not full or fair, or that there was a prejudicial abuse of discretion in some other respects, the courts are confined to the question of determining whether the decision of the commission is supported by the findings and the findings are supported by substantial evidence in the light of the entire record. (*Dierssen* v. *Civil Service Com.*, 43 Cal.App.2d 53, 62, 63 [110 P.2d 513] ; *Greif* v. *Dullea,* 66 Cal.App.2d 986, 1009 [153 P.2d 581] ; *La Prade* v. *Department of Water & Power,* 27 Cal.2d 47, 53 [162 P.2d 13] ; *Keeley* v. *Modesto,* 36 Cal.App.2d 254, 258 [97 P.2d 468]; *Vaughn* v. *Board of Police Comrs.,* 59 Cal. App.2d 771, 780 [140 P.2d 130] ; *Pratt* v. *Los Angeles County Civil Service Com.,* 108 Cal.App.2d 114, 119-120 [238 P.2d 3].) ■ In a proceeding such as the one now engaging our attention, the ruling of the commission comes before the court attended by a strong presumption that official duty has been regularly performed (*Drummey* v. *State Board of Funeral Directors & Embalmers,* 13 Cal.2d 75, 85 [87 P.2d 848] ; *Sipper* v. *Urban,* 22 Cal.2d 138, 144 [137 P.2d 425] (concurring opinion) ; *De Luca* v. *Board of Supervisors,* 134 Cal.App.2d 606, 610 [286 P.2d 395]).

■ Although some of the charges might be characterized as minor or even trivial, yet when considered in their entirety and viewed in the light of the whole record, we cannot say that respondent commission abused the discretion vested in it by determining that appellant "was guilty of actions making his continued employment in the District a detriment to the District."

Cogently applicable to the situation presented in the case at bar is the language used by Mr. Justice Shenk in his dissenting opinion in the case of *La Prade* v. *Department of Water & Power, supra,* page 59, as follows:

"The question of fitness for the position does not contemplate merely qualifications of skill in performing the duties of the office. Under civil service, fitness and suitability have a broader significance, and must be deemed to include a disposition to refrain from creating disorder or inciting dissension, and the commendable qualities of self-discipline and cooperation in maintaining standards of public service. A tendency to foment strife and discontent is a proper ground of unsuitability, and only if there is no room for difference of opinion and the charge appears clearly unsupported may it be held that the board acted arbitrarily or capriciously in discharging the employee. (*McNatt* v. *Lawther,* (Tex.Civ. App.) 223 S.W. 503.)"

Finally, appellant urges that the penalty imposed was too severe and quotes from the dissenting opinion of Commissioner Albert wherein it is said, "I believe a thirty day suspension is sufficient punishment for the acts alleged, many of them being trivial. . . ." ▆ But, the court having found that the findings of a "majority of the Commission," which constitute the findings of the commission, were supported by substantial evidence, the determination of the penalty to be imposed by the commission was vested in the commission and not in the court (*King* v. *Board of Medical Examiners,* 65 Cal.App.2d 644, 652 [151 P.2d 282]; *Fuller* v. *Board of Medical Examiners,* 14 Cal.App.2d 734, 737 [59 P.2d 171]). The instant case is not one wherein the court found one or more of the charges unsupported by the evidence and was accordingly authorized to remand the matter to the administrative agency for the purpose of reconsidering the penalty imposed (*Cooper* v. *State Board of Medical Examiners,* 35 Cal.2d 242, 252 [217 P.2d 630, 18 A.L.R.2d 593]; *Nelson* v. *Department of Corrections,* 110 Cal.App.2d 331, 335 [242 P.2d 906]).

For the foregoing reasons, the judgment is affirmed.

Doran, J., concurred.