[Civ. No. 21354. Second Dist., Div. Three. July 23, 1956.]

JOHN GORDON OLSON, Appellant, v. D. D. WATSON, as Real Estate Commissioner, etc., Respondent.

Walley & Davis and Milton Davis for Appellant.

Edmund G. Brown, Attorney General, and Lee B. Stanton, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—Petitioner sought a writ of mandate compelling the respondent, Real Estate Commissioner, to vacate his order revoking petitioner's license as a real estate broker. Judgment was in favor of respondent commissioner. Petitioner appeals.

In an accusation made by a deputy real estate commissioner, it was alleged in Count I that on June 1, 1953, appellant obtained an oral listing from Mr. and Mrs. Kiernan for the sale of certain real estate for a net price of $3,200; subsequently appellant notified said owners that he had a buyer therefor, who had deposited with him $200 as earnest money and if the transaction was not completed by the buyer the deposit would be divided equally between the owners and appellant, except for a $15 escrow cancellation fee; the appellant did not deposit the $200 in a trust fund account, in a neutral escrow depositary or in the hands of the principal; the transaction was not completed by reason of the purchaser's failure to perform; the owners demanded their portion of the deposit but appellant refused to divide the deposit as agreed and did not divide it until after he was notified that an investigation was being made by the Division of Real Estate. It was also alleged therein that the acts of appellant were in violation of section 2830, title 10, of the Administrative Code, and sections 10176, subdivision (e), 10176, subdivision (i), 10177, subdivision (d) and 10177, subdivision (f) of the Business and Professions Code.

In Count II of said accusation it was alleged that on August 3, 1953, Mr. Boyle, owner of certain real estate, was informed by appellant that he had a bona fide purchaser for said real estate who would pay $3,900 and advance $200 as earnest money; appellant represented that he had received $200 as

earnest money and in the event of default the deposit would be shared equally between the seller and appellant; that, in fact, appellant did not have a bona fide purchaser and had not obtained any deposit; the purchaser did not complete the purchase; the seller made demand on appellant for 50 per cent of the deposit money, but appellant failed to produce the $100 as he had agreed; said representations were false and were known, or should have been known, to be false when made; the representations were made for the purpose of inducing Boyle to sell said property; said owner relied on said representation until he discovered that no escrow had been established or deposit made. It was also alleged therein that the acts of appellant were in violation of sections 10176, subdivision (a), 10176, subdivision (e), 10176, subdivision (i), 10177, subdivision (d) and 10177, subdivision (f) of the Business and Professions Code.

After a hearing the real estate commissioner made findings with respect to the Kiernan transaction which were in substance the same as the allegations of the accusation with respect to that transaction, except that he found that the acts of appellant in the Kiernan transaction did not constitute fraud or dishonest dealing in violation of section 10176, subdivision (i) of the Business and Professions Code. The commissioner also found with respect to said transaction that about June 10, 1953, prior to said representations, appellant forwarded to Kiernan for execution a grant deed concerning said property, sellers' escrow instructions, and a statement of identity; about June 15, 1953, appellant confirmed by letter to Kiernan that a deposit had been made with him and indicating that in the event of failure of the deal the deposit would be split equally between the broker and seller; appellant represented in said letter that he had received a check in the amount of $200; the owners of the property relied upon said representations and executed the documents forwarded to them about June 10; appellant had not received a check from the prospective purchaser, Arlen E. Rowland, but had received $200 cash; appellant kept the $200 in a safe until the latter part of September, 1953, when he, without authorization from the sellers, returned the deposit to the prospective purchaser; about October 26, 1953, appellant executed a deposit receipt indicating that $200 had been paid as a deposit, and he did thereafter give to Kiernan $92.50.

With respect to the Boyle transaction, the commissioner made findings which were in substance the same as the allegations of the accusation with respect to that transaction, except that he found that Boyle held an unrecorded deed to the property as the security for the payment of an obligation, and was then acting as agent and attorney-in-fact for the registered owners, Mr. McGuire and Mrs. Physioc, and said owners through the agency of Boyle employed appellant to act as broker for the sale of said property; and except that the commissioner found that the evidence in the Boyle transaction was insufficient to establish a violation of sections 10176, subdivision (e) or 10177, subdivision (d) of the Business and Professions Code. The commissioner also found with respect to the said Boyle transaction that the prospective purchaser became identified later as Arlen E. Rowland; seller's escrow instructions were submitted to Boyle and he procured the signatures of McGuire and Physioc thereon; these escrow instructions provided for escrowing with the Sunset Investment Company at an address which was the same address as the place occupied by appellant and Rowland; Boyle objected to the escrow being with that company and made attempts to have the escrow at the Title Insurance and Trust Company; the purchaser refused to proceed in such manner and the transaction was never completed; Boyle relied upon the representation that a deposit had been made and induced the record owners, McGuire and Physioc, to execute a grant deed with Rowland as grantee.

The commissioner made the following determination of issues: appellant violated sections 10176, subdivision (a),[1] 10176, subdivision (i)[1], 10177, subdivision (d)[2] and 10177, subdivision (f)[2] of the Business and Professions Code; appellant has not violated section 10176, subdivision (e) of said code. The commissioner made an order revoking the license of appellant as a real estate broker.

The trial court found that all the findings of fact of the commissioner were true.

---

[1]Section 10176 provides: "The commissioner may . . . revoke a real estate license . . . where the licensee . . . has been guilty of . . . (a) Making any substantial misrepresentation. . . . (i) Any other conduct . . . which constitutes fraud or dishonest dealing."

[2]Section 10177 provides: "The commissioner may . . . revoke the license of any real estate licensee, who . . . has . . . (d) Wilfully . . . violated any of the provisions of this part relating to real estate. . . . (f) Acted or conducted himself in a manner which would have warranted the denial of his application for a real estate license."

The court also found that some of the allegations in paragraph VIII, and all the allegations in paragraph IX, of the petition for a writ of mandate were untrue. Those allegations, found to be untrue, were to the effect that the decision of the commissioner revoking petitioner's license was invalid and constituted a prejudicial abuse of discretion in that the findings of the commissioner are not supported by the weight of evidence as contained in the transcript of the proceedings before the commissioner; that the findings of the commissioner in the Boyle transaction are based upon the testimony of Boyle; that the evidence at the hearing before the commissioner showed that Boyle unlawfully entered the files of the escrow and removed the escrow instructions with the intent to conceal the true terms of the sale of the property, particularly with respect to the fact that the escrow instructions established that no deposit was provided for therein or contemplated by the owner; that the credibility of Boyle, as a witness, was completely destroyed.

The court made a further finding that appellant was associated with Arlen Rowland while Rowland was licensed as a real estate broker and while he was doing business under the name of Sunset Investment Company; said company was not a neutral escrow depositary nor a recognized depositary of funds; appellant continued to be associated with Rowland after Rowland's license as a real estate broker was revoked; at all times during the Kiernan transaction they shared the same office at the same address and used the same safe; appellant placed the $200 deposit money, which he received in the Kiernan transaction, in the safe; appellant did not place said deposit in a trust account, nor in a neutral escrow depositary, nor in the hands of his principal, Kiernan, during the period from June to October, 1953.

The findings of the court also included the following statements: "That the Court, after carefully considering the Findings, Decision and Order of the Commissioner and from an independent review of the complete record filed herein finds:" that the appellant received a fair trial and hearing; the commissioner proceeded in the manner required by law; the decision and order of the commissioner are supported by his findings; his findings are supported by the weight of the evidence and by substantial evidence in the light of the whole record; there was no prejudicial abuse of discretion by the commissioner; and the decision and order should not be vacated.

The court made conclusions of law as follows: Appellant is subject to disciplinary action as provided in the following sections of the Business and Professions Code: section 10176, subdivision (a), for making a substantial misrepresentation in the Boyle transaction; section 10176, subdivision (i), for acts which constitute fraud and dishonest dealing in the Boyle transaction; section 10177, subdivision (d), for violation of section 2830, title 10, of Administrative Code[3]; section 10177, subdivision (f), because his acts in both transactions gave him a reputation for dishonesty which would have warranted the denial of his application for a real estate license.

The matter was submitted to the trial court upon the record of the proceedings before the commissioner.

Appellant (petitioner) contends that the findings were not supported by the weight of the evidence and the decision was not supported by the findings. Appellant argues that since no new evidence was offered or received at the trial, this court is not bound to defer to the findings of the trial court but may make its own determination regarding the conclusions to be derived from the record. Appellant also suggests that this court, in arriving at its determination as to whether the findings are supported by the weight of the evidence, exclude from its consideration of the evidence any hearsay[4] evidence contained in the transcript of the proceeding before the hearing officer.

With reference to Count I (Kiernan transaction) the court found, among other things, that the $200 earnest money, deposited by the buyer with the broker, was not deposited by the broker (appellant) in a trust fund account, in a neutral escrow depository or in the hands of his principal. As above shown, section 2830, title 10, of the Administrative Code provides that every real estate broker, who does not immediately place all funds entrusted to him in a neutral escrow depository,

[3]Section 2830, title 10, of the Administrative Code provides that every real estate broker, who does not immediately place all funds entrusted to him by his principal or others in a neutral escrow depository or in the hands of principals, shall maintain a trust fund account with some bank or recognized depository and place all such entrusted funds therein upon receipt.

[4]Section 11513, subd. (c), of the Government Code provides in part: "The hearing need not be conducted according to technical rules relating to evidence and witnesses. . . . Hearsay evidence may be used for the purpose of supplementing or explaining any direct evidence but shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions."

or in the hands of principals, shall place all such funds in a trust fund account with a bank or recognized depository. Appellant argues to the effect that said section was not violated, because the deposit money was placed in the safe of the escrow company (Sunset Investment Company) which was handling the escrow. ▆ According to the testimony of appellant, his office and the office of Rowland (the buyer) were in the same room—appellant's desk was on the main floor and Rowland's desk was on a balcony; about June 15, 1953, the $200 was placed in a safe in the office, which safe at that time was shared by appellant and Rowland; the money was kept in the safe until the latter part of September, when it was returned to Rowland; on October 26 Rowland returned $200 to appellant, and appellant executed a deposit receipt for $200; Rowland had been a real estate broker, and at the time he was a broker appellant had been associated with him; subsequently Rowland lost his license, and then he went into the business of buying and selling lots. Rowland's business was conducted under the name of Sunset Investment Company. It does not appear that the company was licensed to engage in the escrow business, or that that company was exempt from escrow license requirements.[5] The Sunset Investment Company was not a neutral escrow depository. Rowland conducted his business (of buying and selling lots) under that name, and he was the prospective buyer. The safe in which the deposit money was kept was shared by appellant and Rowland. The said finding with respect to not depositing the $200, as required by said section 2830, is supported by substantial evidence. ▆ The trial court was authorized to exercise its independent judgment on the evidence. (See *Moran* v. *Board of Medical Examiners*, 32 Cal.2d 301, 308 [196 P.2d 20].) ▆ This court is not authorized to weigh the evidence, but its province, with respect to the sufficiency of the evidence, is whether there is any substantial evidence which supports the judgment of the trial court. (See *Ashdown* v. *State of Calif. Dept. of Emp.*, 135 Cal.App.2d 291, 299 [287 P.2d 176].) In volume 2 of California Jurisprudence, 2d Series, it was said at page 406: "[A]lthough the superior court in such cases is bound to exercise its independent judg-

---

[5]Section 17200 of the Financial Code provides that no person shall engage in the business of escrow agent unless he is licensed by the Corporation Commissioner; and section 17006 of the Financial Code specifies certain persons, companies, and transactions as to which that license requirement is not applicable.

ment on the evidence and determine that the decision accords with the weight of the evidence, the appellate court considering the same record treats the superior court as a trial court and applies to its judgment the substantial evidence rule as in ordinary civil appeals.'' In the present case the trial judge stated in effect, in his findings, that he had made an independent review of the record of the proceeding before the hearing officer. The trial judge found that the findings of the commissioner are supported by the weight of the evidence and by substantial evidence in the light of the whole record.

It is also to be noted, with respect to the Kiernan transaction, that Mr. Kiernan testified that appellant said that the $200 deposit would be split between them if the sale was not consummated within 60 days. On June 15, 1953, appellant sent a letter to Mr. Kiernan (on the letterhead of ''Sunset Investment Company of Hollywood'') stating that the letter was to verify their telephone conversation that the buyer had deposited a check for $200, and in case of failure on the part of the buyer to consummate the deal, $15 would be deducted for cancellation of title policy, ''and the balance of $185 would be split—one-half to seller and one-half to broker.'' Mr. Kiernan testified that after 120 days he made a demand on appellant for half of the deposit, and that appellant told him he would not get half of the deposit. Appellant returned the money to Rowland. Appellant denied that he told Mr. Kiernan that he would not be entitled to the return of the deposit. The court also found in the Kiernan transaction, as above stated, that appellant had acted or conducted himself in a manner which would have warranted the denial of his application for a real estate license. That finding, and all the findings in the Kiernan transaction, are supported by substantial evidence.

With respect to Count II (Boyle transaction), the court found, among other things, that appellant represented to Mr. Boyle that appellant had received a deposit of $200 and that in the event of default the deposit would be shared equally between appellant and Mr. Boyle; that Mr. Boyle relied upon the representation that a deposit had been made and induced the record owners of the property (McGuire and Physioc) to execute a grant deed to Rowland as grantee; that appellant had not received a deposit from Rowland. Mr. Boyle testified that appellant told him that he had a deposit of $200 on the deal and that if the deal did not go through

the $200 would be split between them, each getting $100; thereafter appellant told him that out of Mr. Boyle's $100 there would be a charge of $7.50; Mr. Boyle replied that if there was any charge to be paid it was to be paid from appellant's $100 and that the agreement was that he (Mr. Boyle) was to get $100 and that the "agreement stands." Appellant testified that he did not receive any money at all from Rowland at the outset of the Boyle transaction; and that he did not tell Mr. Boyle that he had received $200 as a deposit on the purchase of the property. Appellant asserts that this court should determine "how little credibility to accord to the testimony of Boyle." Appellant argues to the effect that the hearing officer and the trial court should have disbelieved Mr. Boyle because he testified that he was the owner of the property to the extent that he had an unrecorded grant deed to the property; that he bought the property for resale with the understanding that if he sold it he could demand another deed; that he might have told appellant and the commissioner that he was the owner of the property. This court is not empowered to determine the credibility of the witnesses. The said findings of the trial court, with respect to the deposit in the Boyle transaction, are supported by substantial evidence. The court also found in the Boyle transaction, as above stated, that appellant had made a substantial misrepresentation in that transaction; that appellant had been guilty of conduct which constitutes fraud and dishonest dealing; and that he acted or conducted himself in a manner which would have warranted the denial of his application for a real estate license. Those findings, and all the findings in the Boyle transaction, are supported by substantial evidence.

Another contention of appellant is that the punishment imposed by the commissioner, namely, revocation of license, is too severe and is unwarranted by the evidence. This contention was not presented in the trial court. In *Black* v. *State Personnel Board,* 136 Cal.App.2d 904 [289 P.2d 863], it was said at page 912: "[T]he determination of the penalty to be imposed by an administrative agency lies with the agency and not with the court."

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.