[Civ. No. 21721.   Second Dist., Div. One.   Mar. 20, 1957.]

RICHARD DOUGLAS FURNISH, Appellant, v. THE BOARD OF MEDICAL EXAMINERS, etc., Respondent.

Murray M. Chotiner and Russell E. Parsons for Appellant.

Edmund G. Brown, Attorney General, and Howard S. Goldin, Deputy Attorney General, for Respondent.

FOURT, J.—This is an appeal from a judgment of dismissal after sustaining a demurrer without leave to amend.

An accusation was filed with the Board of Medical Examiners of the State of California, hereinafter referred to as the "Board," on July 21, 1954, wherein it was alleged that Richard Douglas Furnish, hereinafter referred to as the "Doctor," had been guilty of unprofessional conduct contrary to the provisions of section 2383 of the Business and Professions Code, in that on or about May 4, 1953, in the United States District Court he was convicted of two felonies and criminal offenses involving moral turpitude, that is, two counts of violation of title 26 U.S.C., section 145(b) (1939 Code), in that he did wilfully and knowingly attempt to defeat and evade a large part of the income tax owing by

him to the United States of America for the calendar years 1947 and 1948, and each of said years.[1] A hearing was held on February 11, 1955, before a hearing officer assigned by the Board, at which time there was introduced into evidence a certified copy of the record of conviction in the case in the district court, establishing that the Doctor, on May 4, 1953, was convicted following his pleas of *nolo contendere* of two counts of violation of title 26 U.S.C., section 145(b) (income tax evasion), for the calendar years of 1947 and 1948. It was conceded at the hearing that there was no evidence to establish that the convictions involved moral turpitude.

The hearing officer in his proposed decision found that the Doctor had been convicted of the two felonies and proposed a one-year suspension of his license to practice medicine and that the execution of such a penalty be suspended for three years on specified terms and conditions. The Board did not adopt the proposed decision, notified the parties accordingly and afforded to them an opportunity to file written arguments with the Board. The Board then determined the case and found that the Doctor had been convicted of the felonies in question and ordered that his license be suspended for one year. The Doctor petitioned for a rehearing, which was denied by the Board.

The Doctor then sought a writ of mandamus in the superior court in Los Angeles County, the purpose of which was to set aside the order of the Board. The administrative record was incorporated in the Doctor's first amended petition for a writ of mandate. The demurrer of the Board to the petition was sustained without leave to amend and a judgment of dismissal was thereafter made and entered. This appeal is from the judgment of dismissal.

The Doctor contends that a conviction of a felony, not

---

[1]The accusation against appellant, Richard Douglas Furnish, M.D., in paragraph III thereof, charged:

"That the respondent has been guilty of unprofessional conduct contrary to the provisions of Section 2383 of the Business and Professions Code of the State of California, as follows:

"That on or about May 4, 1953, in a proceeding then pending in the United States District Court for the Southern District of California, Central Division, entitled '*United States of America* vs. *Richard Douglas Furnish* (charged as Richard D. Furnish)', No. 22,754 Criminal, the respondent was convicted of felonies and criminal offenses involving moral turpitude, to wit: two counts of violation of Title 26 U.S.C. Section 145(b), in that he did wilfully and knowingly attempt to defeat and evade a large part of the income tax owing by him to the United States of America for the calendar years 1947 and 1948, and each of said years."

involving moral turpitude, based on a plea of *nolo contendere,* is not a ground for disciplinary action against a physician and surgeon under section 2383 of the Business and Professions Code. The Board asserts, in this connection, that a conviction of a felony and a conviction of a criminal offense involving moral turpitude are separate, distinct and different grounds for disciplinary action. Further, that by the statute, a conviction following a plea of *nolo contendere* to a charge of a felony is expressly deemed to be a conviction for the purposes with which we are here concerned. The Doctor also contends that the convictions do not constitute felonies under the California law.

The Doctor further argues that the statute in question is an *ex post facto* law as to him, in that the offenses were committed in 1947 and 1948, and it was the 1951 amendment to the law which was applied to him. He also claims that it was an abuse of discretion for the Board to suspend his license to practice medicine for one year.

Section 2383 of the Business and Professions Code is set forth in a footnote hereto.[2] When the section was added to the statutes in 1937, it consisted of the first two sentences of the section as now constituted, excepting that there was no comma following the word "felony," and no comma following the word "turpitude" in the first sentence.

In 1951, the section was amended by adding the commas to the first sentence and the balance of the section.

Title 26, U.S.C., section 145(b) (1939 Code), reads in part as set forth in the footnote hereto.[3]

---

[2] "The conviction of a felony, or of any offense involving moral turpitude, constitutes unprofessional conduct within the meaning of this chapter. The record of the conviction is conclusive evidence of such unprofessional conduct. A plea or verdict of guilty or a conviction following a plea of nolo contendere made to a charge of a felony or of any offense involving moral turpitude is deemed to be a conviction within the meaning of this section. The board may order the license suspended or revoked, or may decline to issue a license, when the time for appeal has elapsed, or the judgment of conviction has been affirmed on appeal or when an order granting probation is made suspending the imposition of sentence, irrespective of a subsequent order under the provisions of Section 1203.4 of the Penal Code allowing such person to withdraw his plea of guilty and to enter a plea of not guilty, or setting aside the verdict of guilty, or dismissing the accusation, information or indictment. [Amended by Stats 1951, ch. 792, § 1.]"

[3] "Any person required under this chapter to collect, account for, and pay over any tax imposed by this chapter, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall, in addition to other

In our opinion, the Doctor failed to state a cause of action warranting the issuance of a writ of mandate. ■ The use of the disjunctive in the section in question, that is, "The conviction of a felony, *or* of any offense involving moral turpitude, constitutes unprofessional conduct" (emphasis added) —makes it abundantly clear that the Legislature intended that the *conviction of a felony* in and of itself, without any qualifications, constitutes unprofessional conduct. It is also clear that "any offense involving moral turpitude, constitutes unprofessional conduct"—and such conduct does not necessarily have to be a felony. ■ Further, for the purposes of this proceeding, the record of conviction is conclusive evidence of the questioned conduct, and by the very terms of the section itself, a "plea of *nolo contendere* made to a charge of a felony *or* of any offense involving moral turpitude" (emphasis added)—is deemed to be a conviction within the meaning of the section. (*Lorenz* v. *Board of Medical Examiners*, 46 Cal.2d 684, 686 [298 P.2d 537].)

Under the federal law it is the punishment which the statute authorizes which determines whether the crime is a felony or a misdemeanor. (*Cartwright* v. *United States*, 146 F.2d 133, 135.)

■ For disciplinary purposes the law of the jurisdiction where the crime was committed determines the character of the offense as a felony or a misdemeanor. (*Caminetti* v. *Imperial Mut. L. Ins. Co.*, 59 Cal.App.2d 476, 490 [139 P.2d 681]; *Karrell* v. *Watson*, 116 Cal.App.2d 769, 771, 774 [254 P.2d 651, 255 P.2d 464]; *Murrill* v. *State Board of Accountancy*, 97 Cal.App.2d 709, 710, 712 [218 P.2d 569].)

■ The statute here clearly intended to make the conviction of a felony in the federal courts grounds for disciplinary action. The use of the words *"nolo contendere"* are, for all intents and purposes, meaningless, unless the Legislature so intended, for there is no such plea in the California state courts, and there is such a plea in the federal courts. Had the Legislature not so intended, it could, and undoubtedly would have used language such as is contained in sections 2391.5 and 2390 of the Business and Professions Code, where the restrictive term "statutes of this State" is used.

■ The contention that the 1951 amendment is an *ex post facto* law as to the Doctor is without merit. It is the law that

---

penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution."

"the phrase, ex post facto laws, is not applicable to civil laws, but to penal and criminal laws, which punish no party for acts antecedently done which were not punishable at all, or not punishable to the extent or in the manner prescribed." (*Watson* v. *Mercer*, 8 Pet. (U.S.) 88 [8 L.Ed. 876, 884].) The Supreme Court of this state, in *Foster* v. *Police Comrs.*, 102 Cal. 483 [37 P. 763, 41 Am.St.Rep. 194], in substance, held to the same effect and further said (at page 492), "[t]hough not an *ex post facto* law, it is retrospective insofar as it determines from the past conduct of the party his fitness for the proposed business. Felons are also excluded from obtaining such license, not as an additional punishment, but because the conviction of a felony is evidence of the unfitness of such persons as a class; nor can we perceive why such evidence should be more conclusive of unfitness were the act done after the passage of the ordinance than if done before."

The revocation or suspension of a license is not penal, but rather, the Legislature has provided for such to protect the life, health and welfare of the people at large and to set up a plan whereby those who practice medicine will have the qualifications which will prevent, as far as possible, the evils which could result from ignorance or incompetency or a lack of honesty and integrity.

The Doctor in this case was convicted in 1953, and the suspension was not based upon substantive acts which occurred in 1947 and 1948. The disciplinary action is predicated solely upon the two felony convictions in 1953, almost two years after the law was amended and was in full force and effect. (*Karrell* v. *Watson, supra,* 116 Cal.App.2d 769, 774.)

It is urged that in the case of *In re Hallinan*, 43 Cal.2d 243 [272 P.2d 768], which involved an attorney at law, the Supreme Court specifically held that a conviction of a felony is insufficient to justify disciplinary action unless there is a showing of moral turpitude. Counsel state that it is difficult for the Doctor to understand how the doctor should be treated one way and the attorney another. Suffice it to say that the law is different as to each of them and that the Legislature amended the section having to do with the doctor in 1951, as heretofore set forth, and it did not amend section 6101 of the Business and Professions Code, which has to do with the attorney.

The Hallinan case, heretofore referred to, does not hold that a conviction following a plea of *nolo contendere* made to a

charge of a felony may not be declared to be grounds for disciplinary action by statute. Under the State Bar Act a conviction without moral turpitude is insufficient for summary disciplinary proceedings, and, at the time of the first Hallinan decision, the *nolo contendere* plea was not designated as a conviction by statute. Under the Medical Practice Act, a hearing is required, a conviction of a felony is an independent ground for disciplinary action without regard to whether moral turpitude was in fact involved, and a conviction following a *nolo contendere* plea was expressly defined as a conviction for disciplinary purposes. In *In re Hallinan*, 48 Cal.2d 52 [307 P.2d 1], the court held that the evidence disclosed that Hallinan had intentionally and for the purpose of personal gain filed false income tax returns and ordered that he be suspended from the practice of law in the state for three years.

The remaining contention of the Doctor is that it was an abuse of discretion to suspend the Doctor's license for one year. The extent of the penalty within the Board's discretion is for the Board to determine. The penalty imposed against the Doctor was well within the power of the Board. (Bus. & Prof. Code, § 2372; 2 Cal.Jur.2d, Administrative Law, p. 393; *Fuller* v. *Board of Medical Examiners,* 14 Cal. App.2d 734, 737-738 [59 P.2d 171]; *King* v. *Board of Medical Examiners,* 65 Cal.App.2d 644, 652 [151 P.2d 282]; *Painless Parker* v. *Board of Dental Examiners,* 216 Cal. 285, 300 [14 P.2d 67]; *Black* v. *State Personnel Board,* 136 Cal.App.2d 904, 912 [289 P.2d 863]; *Schneider* v. *Civil Service Com.,* 137 Cal.App.2d 277, 285 [290 P.2d 306]; *Newman* v. *Board of Civil Service Comrs.,* 140 Cal.App.2d 907, 912 [296 P.2d 41]; *Olson* v. *Watson,* 143 Cal.App.2d 343, 351 [300 P.2d 35].)

The judgment is affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied April 9, 1957. On April 19, 1957, a second petition for a rehearing was denied and the following opinion was then rendered:

THE COURT.—On March 20, 1957, this court filed its decision affirming the order of the superior court in the above entitled action.

On April 3, 1957, a petition for rehearing was filed by the appellant, within the time provided for by law; the petition

for rehearing was denied on April 9, 1957. Appellant has filed in the Supreme Court a petition for hearing.

On April 10, 1957, appellant made an application to this court to grant a rehearing on its own motion under Rule 27, Rules on Appeal.

Appellant's present application is basically grounded on the following allegations:

"Petitioner intends to file before the Honorable Leon Yankwich, Judge of the Federal District Court, a motion to correct the sentence heretofore imposed against the petitioner on his plea of nolo contendere to two counts of violating Section 145(b) of the Internal Revenue Code to show that he was convicted of violating Section 3616(a) of the Internal Revenue Code, a misdemeanor.

"Said motion will be made under the authority of Section 2255 of Title 28 of the United States Code;

"The case of *Griffin* v. *United States* (1949 C.C.A.), 173 F.2d 909, holds that even though a sentence is served, but is invalid and creates an unjust result the Court will not ignore error;

"The basis of the motion to correct the sentence is that the offense of violating Section 145(b) of the Internal Revenue Code, a felony, is, in effect, the same as violating Section 3616(a), of the Internal Revenue Code, a misdemeanor."

Upon the authority and for the reasons stated in *Ex Parte Berkoff*, 65 F.Supp. 976, 979, 781, and the holding in *Bowles* v. *United States*, 73 F.2d 772, 776 (certiorari denied, 294 U.S. 710 [55 S.Ct. 506, 79 L.Ed. 1245]), the application is denied.

Appellant's petition for a hearing by the Supreme Court and for a writ of supersedeas was denied May 15, 1957. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.