Richard Douglas FURNISH, Appellant,

v.

The BOARD OF MEDICAL EXAMINERS OF the State of CALIFORNIA, Appellee.

No. 15835.

United States Court of Appeals Ninth Circuit.

June 21, 1958.

Murray M. Chotiner, Russell E. Parsons, Beverly Hills, Cal., for appellant.

Edmund G. Brown, Atty. Gen., James L. Mamakos, Deputy Atty. Gen., of California, for appellee.

Before STEPHENS, Chief Judge, and FEE and BARNES, Circuit Judges.

BARNES, Circuit Judge.

Appellant, a physician and surgeon duly licensed for many years to practice his profession in California, in 1953 entered a plea of nolo contendere to two counts of violating Title 26 U.S.C. § 145(b) (I.R.C. 1939). The indictment had charged him in three counts of wilfully and knowingly attempting to defeat and evade his income tax in the years 1946, 1947 and 1948 by filing false and fraudulent returns. Appellant entered a not guilty plea to Count I and nolo contendere to Counts II and III. Count I was dismissed after sentence on the second and third counts. The sentence was a fine of $5,000 on each count. From the bench the judge who imposed the sentence commented on the facts of the case and indicated that he believed on a nolo contendere plea to an income tax evasion charge the State Medical Board would not revoke appellant's license to practice medicine.

The trial judge was mistaken in his clairvoyance. In 1955, the Board of Medical Examiners of the State of California made its order directing that appellant be suspended for a period of one year from the practice of medicine and surgery within that state. The order was based on the convictions represented by the pleas of nolo contendere hereinabove referred to.

In 1947 and 1948, when the tax evasions occurred, section 2383 of the California Business and Professions Code provided as follows:

"§ 2383. Conviction of felony or offense involving moral turpitude: Evidence. The conviction of a felony or of any offense involving moral turpitude constitutes unprofessional conduct within the meaning of this chapter. The record of the conviction is conclusive evidence of such unprofessional conduct."

In 1951, and before the indictment, plea or sentence, section 2383 of the California Business and Professions Code was amended to read as follows:

"§ 2383. Conviction of a crime in general. The conviction of a felony, or of any offense involving moral turpitude, constitutes unprofessional conduct within the meaning of this chapter. The record of the conviction is conclusive evidence of such unprofessional conduct. A plea or verdict of guilty or a conviction following a plea of nolo contendere made to a charge of a felony or of any offense involving moral turpitude is deemed to be a conviction within the meaning of this section. The board may order the license suspended or revoked, or may decline to issue a license, when the time for appeal has elapsed, or the judgment of conviction has been affirmed on appeal or when an order granting probation is made suspending the imposition of sentence, irrespective of a subsequent order under the provisions of Section 1203.4 of the Penal Code allowing such person to withdraw his plea of guilty and to enter a plea of not guilty, or setting aside the verdict of guilty, or dis-

missing the accusation, information or indictment."

Appellant sought to set aside the Medical Board's order in state court procedure by writ of mandate. This was dismissed, and the dismissal upheld by the California District Court of Appeal.[1] Two petitions for rehearing were denied by that court,[2] as was a petition for hearing in the California Supreme Court.[3] A petition for writ of certiorari to the Supreme Court of the United States was denied,[4] as was a petition for rehearing.[5]

Having exhausted his state court remedies appellant filed this new action in the United States District Court for declaratory relief and an injunction, seeking to declare void the order of the Medical Board suspending appellant from medical practice and enjoining the Board temporarily and permanently from enforcing its order. An order to show cause and temporary restraining order was granted. The Board moved to dismiss for lack of jurisdiction. This motion was sustained, the complaint dismissed and the temporary restraining order dissolved. From that judgment of dismissal and dissolution appellant here appeals, but before filing the notice of appeal, obtained an order restoring and granting the injunction restraining the enforcement of the Board's order pending the determination of this appeal.

The sole specification of error charged is the dismissal for lack of jurisdiction over the subject matter.

■■ The federal courts have only the jurisdiction given to them by the Congress. It is well settled as a general principle that a decision of a state court cannot be reviewed by bill of equity in a federal court. American Surety Co. v. Baldwin, 1932, 287 U.S. 156, 164, 53 S.Ct. 98, 77 L.Ed. 231; Sexton v. Barry, 6 Cir., 1956, 233 F.2d 220, 225; General Exporting Co. v. Star Transfer Line, 6 Cir., 1943, 136 F.2d 329, 335; Lynch v. International Banking Corp., 9 Cir., 1929, 31 F.2d 942, certiorari denied 280 U.S. 571, 50 S.Ct. 28, 74 L.Ed. 624; Hall v. Ames, 1 Cir., 1911, 190 F. 138, 140; Furnald v. Glenn, 2 Cir., 1894, 64 F. 49, 54; Davega-City Radio v. Boland, D.C.S.D.N.Y. 1938, 23 F.Supp. 969, 970; Ritholz v. North Carolina State Board, D.C.N.D.N.C. 1937, 18 F.Supp. 409, 413.

■ The Declaratory Judgment Act does not enlarge the jurisdiction of the federal district courts. As appellee aptly quotes:

"It is well settled that the Declaratory Judgment Act does not confer or extend jurisdiction over an area not already covered, nor can it be used to give relief indirectly which could not be given directly. It does not enlarge the jurisdiction of district courts. (Citing cases.)" Clark v. Memolo, 1949, 85 U.S.App.D.C. 65, 174 F.2d 978, 980.

At page 981 of the same case, the court said:

"The Declaratory Judgment Act was designed to provide a remedy in a case or controversy while there is still opportunity for peaceable judicial settlement. It was the primary purpose of the act to have a declaration of rights not theretofore determined, and not to determine whether rights theretofore adjudicated have been properly adjudicated."

■ The district court "may not grant an injunction to stay proceedings in a State court, except as expressly author-

---

1. Furnish v. Board of Medical Examiners, 149 Cal.App.2d 326, 308 P.2d 924, 309 P.2d 493.

2. Id., 149 Cal.App.2d 326, 332, 308 P.2d 924, 309 P.2d 493.

3. Id., 149 Cal.App.2d 326, 333, 308 P.2d 924, 929.

4. Id., 355 U.S. 827, 78 S.Ct. 37, 2 L.Ed.2d 40.

5. Id., 355 U.S. 879, 78 S.Ct. 139, 2 L.Ed. 2d 110.
    Meanwhile, appellant had moved in the United States District Court in which he had been sentenced to "correct" his sentence of May 4, 1953 so as to show it a "misdemeanor judgment." This motion was denied.

ized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

Recognizing this, appellant first states he seeks an injunction against the enforcement of the Board's order, and not against a judgment of a state court. But the Board of Medical Examiners here, and in the state courts, was a party litigant, and the restriction of the United States Code cannot be avoided by seeking to enjoin a litigant, rather than the state court itself. Hill v. Martin, 1935, 296 U.S. 393, 403, 56 S.Ct. 278, 80 L.Ed. 293; H. J. Heinz Co. v. Owens, 9 Cir., 1951, 189 F.2d 505, 507.

▮▮▮ Appellant next seeks to escape the fiat of 28 U.S.C. § 2283 by slipping through either of its second and third exceptions—"necessary aid of jurisdiction" or "protection or effectuation of its judgments." Appellant states this question as follows:

> "Has the State Board of Medical Examiners committed an intrusion into the processes of the Federal Court by attaching a penalty to a conviction based on a plea of nolo contendere, on which the Federal Court may act?"

In discussing this point, appellant in his brief states:

> "The Federal Court in passing judgment on the appellant at the time his criminal income tax case was disposed of *found* that his license should not be revoked for the particular offense; it also *found* that the plea of nolo contendere did not carry any civil penalties. [Tr. of R. p. 6.] The Court could not have used a stronger language in endeavoring to protect appellant's

right to practice medicine." [Emphasis added.]

If we use the word "found" in its nonlegal sense, the transcript of the trial court's statement (at the time of sentence) indicates that the statement made in appellant's opening brief cannot be criticized. [6] If we consider the word "found" in its legal sense, it can be. But certainly we find no basis for the statement in appellant's reply brief that there was "*a finding* of the Federal District Judge that a plea of nolo contendere does not carry with it any civil penalties." No such "finding" was made. The trial judge expressed the informal thought that the Medical Board would not revoke appellant's license and expressed the belief that "technically speaking a plea of *nolo contendere does not carry with it any of the civil penalties.*"

His statement from the bench was not part of the judgment or decree, and hence the several cases cited by appellant that "every Court has inherent power to enforce its judgments and decrees" state good law, but law that is here inapplicable.

Further, the judge below was wrong, both in his anticipation of what the Board of Medical Examiners would or would not do, and in what penalty a plea of nolo contendere might carry. The first is proved by the Board's subsequent action in suspending appellant's license; the second by the language of the California Business and Professions Code then in effect and which had been in effect for almost twenty months which read (in material part, and transposed):

> " * * * A conviction following a plea of nolo contendere made to a charge of a felony * * * is deemed to be a conviction * * *

---

6. By the Court:
"I think, on a plea of nolo contendere they do not consider—at least, the Medical Board does not consider that as a ground for revoking his license, and unless they have professional grounds, certainly his license should not be revoked for this particular offense. I am sure it would be revoked if I imposed any

sentence other than a fine, although, technically speaking, a plea of nolo contendere does not carry with it any of the civil penalties." [Reporter's Transcript of Proceedings at time of sentence of Richard D. Furnish on pleas of nolo contendere to two counts of income tax evasion, May 4, 1953, page 7.]

constituting unprofessional conduct within the meaning of this Chapter."

Thus, we conclude the All Writs section (28 U.S.C. § 1651) is not available in aid of jurisdiction or to protect, or effectuate, a judgment as set forth in 28 U.S.C. § 2283.

■ Further, while the statute provides that "the record of (such) conviction is conclusive evidence of such unprofessional conduct," the Board of Medical Examiners is not limited by the sentence pronounced (Brainard v. State Board of Medical Examiners, 1945, 68 Cal.App.2d 591, 157 P.2d 7), but is entitled to hear and consider evidence as to all surrounding circumstances. Obviously, the district court in determining a particular income tax evasion case, could not require as part of its judgment, that the Board of Medical Examiners of the State of California follow its wishes or advice, even had the district court purported to so express its wishes or advice which it here did not do.

In the state courts, the Board of Medical Examiners took the position that conviction by plea of nolo contendere to a felony charge was sufficient grounds for disciplinary action, without regard to whether the offense involved moral turpitude. A stipulation has been presented to us on this appeal stating that the Board in its action against Dr. Furnish "did not seek to discipline the said appellant for the conviction of an offense involving moral turpitude."

The state courts upheld the Board's position that conviction of a felony, irrespective of whether an offense involving moral turpitude was involved, lay within the Board's power, and this, even though the 1951 Amendment to § 2383 was enacted after appellant's commission of the offenses on which the felony convictions were predicated, but before the felony convictions were had. The state court of appeal held the constitutional proscription against ex post facto laws was no bar to the disciplinary action under such factual circumstances, and this holding was approved by the Supreme Court of California, and review was denied by the Supreme Court of the United States.

We conclude the United States District Court was correct in deciding that it had no jurisdiction in this matter.

This disposition makes it unnecessary for us to consider appellant's fourth point presented—whether conviction of a felony not involving moral turpitude based on a plea of nolo contendere is a ground for disciplinary action against a physician and surgeon under § 2383 of the California Business and Professions Code; and his *fifth*—whether it was an abuse of discretion to suspend the appellant for one year.

The judgment of dismissal is affirmed, and the matter remanded to the District Court with instructions to terminate the order restoring the original injunction enjoining and restraining the appellee from enforcing its order of suspension made by the Board of Medical Examiners of the State of California on November 10, 1955.