[Civ. No. 5086. Fourth Dist. Oct. 28, 1955.]

JOSEPH S. COZZOLINO, Appellant, v. CITY OF FONTANA et al., Respondents.

Ted L. DeBord for Appellant.

Henry F. Rager for Respondents.

BARNARD, P. J.—By a petition for a writ of mandate, filed on July 26, 1954, the petitioner sought reinstatement as a police officer for the city of Fontana. A demurrer was sustained with leave to amend, and an amended petition was filed. A demurrer was again sustained with leave to amend, and the petitioner filed notice of his election to stand on the amended petition. A judgment of dismissal was then entered, and this appeal followed.

So far as material here, the petition alleged that Fontana is a city of the sixth class; that petitioner was employed as a police officer for said city on October 21, 1952, by "Resolution No. 44"; that said Resolution Number 44 is still in effect and has not been rescinded; that petitioner was summarily discharged by the chief of police of said city on January 22, 1954; that a "closed hearing" was held on February 2, 1954, for the purpose of determining whether the

action of the chief of police in discharging the petitioner was justified; that the action taken at this meeting did not purport to be an original action by the city council, but was for the purpose of satisfying the public demand and to ratify and approve the prior action of the chief of police; that the petitioner's salary was paid up to and including February 2, 1954; that on July 15, 1954, the petitioner made demand upon the chief of police and the city council to reinstate him to his position and to certify and approve his payroll from February 2; and that said demand has been refused.

A copy of Resolution Number 44 was attached to the petition with a certificate that it was adopted by the city council at a regular meeting on October 21, 1952. It is headed "A Resolution of the City Council . . . Authorizing the Employment of Police Officers." It states that it is necessary and convenient that officers be employed for the city police department. It then "authorizes" for such employment five named persons, including this petitioner. The minutes of "a regular meeting" of the city council held on February 2, 1954, were also attached to the petition. These minutes recite that one councilman "moved that the Council concur in the action of the Chief of Police in his dismissal of (this petitioner) on the evidence given," and that the motion was seconded by another councilman. After setting forth some of the discussion which followed, the minutes recite that the motion to approve the action of the chief of police was passed and adopted by a vote of three to two.

Briefly stated, the appellant admits that his continued employment was at the pleasure of the city council, but contends that since he was appointed by a formal resolution his employment could be terminated only by a formal resolution adopted by the city council "rescinding" his employment under Resolution Number 44; that the power to rescind Resolution Number 44 could not be delegated to the chief of police; that since the chief of police had no authority to rescind a formal resolution of the city council his action, in discharging the petitioner, was *ultra vires* and void; that the act of the chief of police being void could not be ratified by the city council; that the only way the petitioner could be removed from his position is by an original act of the city council rescinding and cancelling his appointment under Resolution Number 44; that the city council took no such original action; and that the action taken by the city council on February 2 could not be considered an original action for the further

reason that it was not a public meeting, as required by section 36808 of the Government Code.

Section 36505 of the Government Code provides that the city council shall appoint the chief of police, and may appoint such other subordinate officers or employees as it deems necessary. Section 36506 provides that the city council shall fix the compensation of all appointive officers or employees by resolution or ordinance. It then provides that "Such officers and employees hold office during the pleasure of the city council." While these statutes require that the compensation of such employees shall be fixed by resolution or ordinance, there is no such requirement with respect to their appointment or the termination of their service. Section 38630 provides that the police department of a sixth class city is under the control of the chief of police. Section 38631 provides that the chief of police of such a city may appoint police officers subject to the approval of the legislative body. It thus appears that the city council may appoint police officers or that they may be appointed by the chief of police, with the approval of the city council. In neither instance is it required that such appointments must be made by a resolution adopted by the city council. In view of the statutory provision that such employees hold office during the pleasure of the city council, it naturally follows that they may be dismissed at any time, in the absence of restrictions or limitations provided by law. No restriction as to the manner in which the discharge of such employees shall be expressed appears in these statutes. A motion adopted by the city council and entered in its minutes was certainly sufficient for that purpose.

The fact that the appellant happened to be appointed by means of a resolution, although one was not necessary, is not controlling. This probably occurred because this new city, incorporated on June 25, 1952, made the appointment of five police officers in the same resolution in which it declared the necessity that such officers be employed. The action taken by the city council on February 2, 1954, did not purport to, and did not, repeal or rescind Resolution Number 44, or any part thereof, and there was no occasion or necessity for doing so. It was merely a method of meeting a subsequent development and terminating the appellant's employment, which the city council has a right to do without using the precise language of a formal resolution. Moreover, even if it could be assumed that a resolution was necessary in this

particular instance, a motion adopted by the city council and entered in its minutes would be a substantial compliance with that requirement. (*Dixon* v. *La Guardia*, 277 N.Y. 84 [13 N.E.2d 450].)

Nothing is alleged in the petition, or appears in the record, which would remove the appellant from the effect of these general statutes. The respondents state in their brief that at all times here involved the city had no civil service, merit or personnel system with respect to its employees. In his reply brief the appellant does not deny this, but states that this fact does not appear in the record since the amended complaint did not allege that there was no civil service or personnel system in effect. The amended complaint did not allege that there was such a system in effect, but it was incumbent on the appellant to allege sufficient facts to show that he was entitled to the relief demanded. Under the facts alleged, the appellant was not entitled to that relief in the absence of a further showing that some existing limitation or restriction on the city's right to discharge him would prevent his dismissal at that time. He refused to further amend, and the court was justified in acting accordingly.

The appellant makes some further contention that the action of the city council on February 2, 1954, was not sufficient because that meeting was not an open and public meeting, as required by section 36808 of the Government Code. Assuming that this was a closed meeting, and if it be further assumed that some meeting was necessary, section 54953 provides that city council meetings shall be open and public "except as otherwise provided in this chapter," and section 54957 permits a closed session to consider the dismissal of an officer or employee, "unless such officer or employee requests a public hearing."

The facts alleged in the petition would not have supported a finding that the city's power of dismissal was not legally exercised. (*Keeley* v. *City of Modesto*, 36 Cal.App.2d 254 [97 P.2d 468]; *Chambers* v. *City of Sunnyvale*, 56 Cal.App.2d 438 [132 P.2d 849]; *Hackler* v. *Ward*, 105 Cal.App.2d 615 [234 P.2d 170].)

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.