[Civ. No. 27106. First Dist., Div. Three. July 28, 1971.]

JOHN C. LUCAS, Plaintiff and Appellant, v.
BOARD OF TRUSTEES OF ARMIJO JOINT UNION HIGH SCHOOL
DISTRICT et al., Defendants and Respondents.

## COUNSEL

Johnson & Stanton, Gardiner Johnson and Thomas E. Stanton, Jr., for Plaintiff and Appellant.

Milton Goldinger, County Counsel, John M. Powers and Billy B. Burton, Assistant County Counsel, and John P. Csomay, Deputy County Counsel, for Defendants and Respondents.

## OPINION

**DRAPER, P. J.**—Plaintiff was reemployed as superintendent of defendant high school district for a four-year term commencing July 1, 1963. The statute (Ed. Code, § 938) provides that a district superintendent is deemed reelected for a new term of like duration unless given written notice, at least six months before expiration of his term, of the school board's determination not to reemploy him. During its regular meeting September 19, 1966, the board went into executive session to consider a student disciplinary matter which was listed, without more detail, on the agenda. When this matter was concluded, the board continued in executive session to consider the reemployment of plaintiff. He was asked to and did leave the meeting, at which the board voted three to two not to reemploy him. He was called back to the meeting, informed of the action, and asked whether he wanted the action made a matter of record when the board reconvened in public meeting. He said he did not want the decision made public until he could consult with his attorney. At the regular meeting of November 21, 1966, the board again went into executive session, under like circumstances, to determine his request for further consideration of his reemployment. Again the vote was three to two against reemployment. Plaintiff was called back into the meeting, informed of the action, and asked whether he wanted the action announced in public meeting. He again asked that such notice be withheld until he consulted his attorney. Again the board honored his request by resuming and concluding its public meeting without such announcement. At the next scheduled meeting following each of these, minutes prepared by plaintiff and adopted by the board failed to mention the decision not to reemploy plaintiff. On December 2, 1966, written notice of the determination not to rehire plaintiff was delivered to him. At the regular meeting of March 1, 1967, the board voted to amend its formal minutes of the September 19 meeting to show the action taken concerning plaintiff. At the regular meeting of March 20, 1967, the minutes of November 21, 1966 were similarly amended to show reconsideration of the determination not to reemploy plaintiff. This action

for declaratory relief and for writ of mandate was filed June 22, 1967. After trial by the court, judgment was entered for defendants. Plaintiff appeals.

There is substantial evidence to support the finding that the board in fact voted, at the September 19 meeting, not to reemploy plaintiff. There is conflicting evidence, but the conflicts were resolved by the trial court and will not be reviewed here.

■ Nor do we find merit in appellant's contention that the actions of September 19 and November 21 are invalid because in violation of the statutory requirement (Ed. Code, § 966). That section requires only that all board meetings be public "[e]xcept as provided in Section 54957 of the Government Code." The latter section provides that the chapter in which it appears (commonly called the "Brown Act") does not prevent the board "from holding executive sessions . . . to consider the appointment, employment or dismissal of a public officer or employee."

Appellant, however, argues that section 54957 permits the board only to "consider," and not to act upon, personnel matters in executive session. Thus he argues that, even if it be granted that the board could consider his reemployment in executive session, it exceeded its power when it "acted" by adopting a motion in the same session, and the action is thus invalid. We cannot agree.

In 1962, the Attorney General held that section 54957, in authorizing executive sessions to "consider" personnel matters, necessarily included the right to act thereon in like session (40 Ops.Cal.Atty.Gen. 4, 6, citing *Cozzolino* v. *City of Fontana,* 136 Cal.App.2d 608 [289 P.2d 248]). The Attorney General's opinion emphasized that in unpublished letter opinions he had expressed the view to district attorneys that an employee could similarly be dismissed (*id.* p. 6). The Legislature is presumed to have been cognizant of the construction adopted by the Attorney General when it enacted section 966 in 1963 (*Southwest Explor. Co.* v. *County of Orange,* 44 Cal.2d 549, 554 [283 P.2d 257]). We note, too, that one of the specific exceptions to section 966 (Ed. Code, § 967, concerning student discipline) specifically requires that "[w]hether the matter is considered at an executive session or at a public meeting, the final action of the governing board . . . shall be taken at a public meeting and the result of such action shall be a public record. . . ." This provision had also been included in the predecessor of section 967 (Stats. 1959, ch. 2, p. 634). A 1964 opinion (44 Ops.Cal.Atty.Gen. 147, 149-150) emphasized the significance of omission of a like provision from section 966.

The opinions of the Attorney General, of course, are not binding upon

the courts. They are, however, entitled to much weight (*Cal. State Employees Assn.* v. *Trustees of Cal. State Colleges,* 237 Cal.App.2d 530, 537 [47 Cal.Rptr. 73]). We recognize that in an entirely different context a substantial distinction can be drawn between "consideration" and "action" (see *Sacramento Newspaper Guild* v. *Sacramento County Bd. of Suprs.,* 263 Cal.App.2d 41, 47-51 [69 Cal.Rptr. 480]). We hold, however, that for the purpose of applying section 966 to the situation before us, the authority to consider personnel matters necessarily includes authority to vote and act.

■ We reject appellant's contention that the statute requires publication of a detailed agenda specifying termination of his contract as a matter to be considered at the executive session.\* As pointed out in a 1959 opinion (33 Ops.Cal.Atty.Gen. 32), such a requirement would effectively negate the purpose of section 54957 in authorizing executive sessions on personnel matters. The code section upon which appellant relies (Ed. Code, § 966, subd. (b)), is subject, as is all the section, to the exception for the provisions of section 54957 (see 44 Ops.Cal.Atty.Gen. 147, 148).

We find it significant that the Legislature has refrained from specific provision that failure to comply with section 966, subdivision (b) does, of itself, void the action taken. Rather, it amended the Brown Act in 1961 to provide criminal penalties for violation (Gov. Code, § 54959). This choice of an enforcement remedy appears to have been as an alternative to the view now urged by appellant.

■ Another section (Ed. Code, § 1002.5), however, does not specifically except executive sessions from its operation. It provides that "[e]very official action taken by the governing board of every school district shall be affirmed by a formal vote . . . and [the board] . . . shall keep minutes of its meetings, and shall maintain a journal . . . in which shall be recorded every official act taken." We need not determine whether section 1002.5 is mandatory or directory, nor whether the amended public minutes of March 1 and March 20 were effective and timely, because the trial court found that appellant was estopped to rely upon the absence of formal minutes. Appellant, as superintendent, was secretary of the board, and was specifically charged with taking or causing to be taken minutes of its meetings. He was informed before each of the two executive sessions that renewal of his contract was to be considered, yet he failed to ask any member to prepare minutes. More important, he was informed following each such session of the action taken, yet failed to indicate it in the formal minutes, and affirmatively requested that no public record be made. This

---

\*As to a matter which must be considered at a public session, see *Carlson* v. *Paradise Unified Sch. Dist., ante,* p. 196 [95 Cal.Rptr. 650].

evidence amply supports the finding of estoppel. █ When one is under a duty to speak, and has an opportunity to do so, knowing the circumstances require it, an estoppel may arise from his silence (*Bruce* v. *Jefferson Union High Sch. Dist.*, 210 Cal.App.2d 632, 634 [26 Cal.Rptr. 762]). █ Although the public has a supervening interest in public determination of public business, the public was not adversely affected here. The formal addition to the public minutes was made March 1, four months before appellant's contract expired, and in ample time to permit public sentiment, if any, to persuade the board to reverse its decision not to re-employ appellant.

Judgment affirmed.

Brown (H. C.), J., and Caldecott, J., concurred.

A petition for a rehearing was denied August 27, 1971, and appellant's petition for a hearing by the Supreme Court was denied September 22, 1971.