TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | No. 86-109 |
| of | : | JUNE 12, 1986 |
| JOHN K. VAN DE KAMP<br>Attorney General | : | |
| RONALD M. WEISKOPF<br>Deputy Attorney General | : | |

_____

THE HONORABLE DENNIS A. BARLOW, COUNTY COUNSEL, YUBA COUNTY, requests an opinion on the following question:

Under what circumstances may the Yuba County Water Agency Advisory Council remove one of the two directors of the Yuba County Water Agency Board of Directors it had elected pursuant to section 7(b) of the Yuba County Water Agency Act?

CONCLUSION

The Yuba County Water Agency Advisory Council has no authority itself to remove a director it had elected to the Yuba County Water Agency Board of Directors under any circumstances.

1

ANALYSIS

The Yuba County Water Agency ("Agency") was established by Statutes of 1959, chapter 788, the Yuba County Water Agency Act, to develop and promote the beneficial use and regulation of the water resources of Yuba County.[1] (§ 26; see 67 Ops.Cal.Atty.Gen. 369, 371-372 (1984).)  The powers of the Agency are exercised by a Board of Directors (§ 3) composed of the supervisors of Yuba County (§ 7(a); cf. § 2(b)) and two members elected by an Advisory Council ("Council") which advises the board (§ 7(b)).  The Advisory Council is comprised of one representative from each "district"[2] in Yuba County (§ 7(b); 67 Ops.Cal.Atty.Gen. 369, 372, *supra*) and meets each January to elect one of the two members to the Board of Directors "for a two year term" (§ 7(b)).

We are asked whether the Advisory Council may "remove" (recall) one of the directors it elects and, if so, the circumstances under which that might be done. Particularly in question is whether those directors serve "at will" of the Council which elects them so that they may be removed at the Council's pleasure, or are more securely tenured and may only be removed for "cause."  We will conclude the Council lacks any authority to "remove" such directors at all.[3]

Section 7 of the Yuba County Water District Act currently provides as follows:

"(a) The board of supervisors of the county [of Yuba] shall be ex officio members of the board of directors of the agency.  Directors shall be entitled to receive from the agency the sum of twenty dollars ($20) for each meeting attended, plus actual, necessary and reasonable traveling expenses.  The basis for compensation of the directors, and the amount thereof, can be altered only by a four-fifths vote of the directors and the approval of a

---

[1] The Yuba County Water Agency Act ("the Act") is uncodified.  It appears as section 84 of West's Water Code Appendix (Wat. Code, App. § 84-1 et seq.) and Uncodified Act 9407 in Deering's Water Code.  All section references herein are to the Act itself unless the context indicates otherwise.

[2] The term "district" is defined as "any of the following lying within or partially within or contiguous to the agency:  irrigation districts, county water districts, water conservation districts, water districts, soil conservation districts, municipalities, towns, flood control districts, levee districts, mutual water companies, public utilities as defined in section 216 of the Public Utilities Code and any other districts or political subdivisions of the state empowered by law to appropriate water and deliver water to water users." (§ 2(f).)

[3] We have not been presented with any indication of why removal of a director is being contemplated or any facts that might support a removal for "cause."

2

majority of the advisory council.  The board of directors may adopt reasonable rules and regulations to carry out its powers and duties.  The board of directors shall elect a chairman, who shall preside at all meetings of the board and in case of his absence or inability to act, the members present must, by an order entered in their records, select one of their number to act as temporary chairman.  Any member of the board may administer oaths when necessary in the performance of his official duties.  A majority of the members of the board shall constitute a quorum for the transaction of business, but no act of the board shall be valid or binding unless a majority of all members concur therein.

"(b) There shall be created an advisory council to advise the board of directors.  The council shall consist of one member to be appointed by each district within the County of Yuba, to serve at the pleasure of such district.  *The advisory council shall meet each January*, prior to the first January meeting of the agency, *and elect two members of the board of directors of the agency*, one of whom shall represent the districts situated to the north, and one district situated to the south [sic], of the Yuba River.  *The members so elected shall serve for two-year terms with one elected each year*.  Two members shall initially be elected with one, chosen by lot, to serve an initial one-year term." (Stats. 1979, ch. 719, § 1, p. 2210, amending § 7; emphasis added.)

The section thus establishes both the Board of Directors of the Yuba County Water District and its advisory council.  As noted, the Act provides two avenues for becoming a director—one, by being a county supervisor, and the other by being elected, or more properly "appointed"[4] to such position by the advisory council.  (§ 7.)  The Act itself is silent, however, as to just how a director of the Agency might be removed from that position.  In the case of a director who is such because he or she is a county supervisor, that would only transpire when he or she no longer holds that office upon which the directorship is based.  (Cf. 67 Ops.Cal.Atty. Gen. 459, 460 (1984); [city councilman cannot resign position as member of city redevelopment agency held ex officio as city councilman].)  With the two directors who are elected by the advisory council, however, that simple termination of incumbency which occurs as a matter of law would not happen since the directorship is not held "ex officio" but in its own right.

The two directors of our concern represent particular constituencies and have been given a very particular "rotating" or "staggered" two-year term of office.  "The

---

[4] On the similarities and differences between being "appointed" and being "elected" see *Main* v. *Claremont Unified School Dist.* (1958) 161 Cal.App.2d 189, 194-195.

word 'term', when used in reference to the tenure of office, means ordinarily a fixed and definite time." (*Boyd* v. *Huntington* (1932) 215 Cal. 473, 479.) It thus implies that the Legislature had a fixed and definite period in mind for the office to be held. If the Legislature had not fixed the terms of the elected directors, it would mean that their tenure of office would be held at the "pleasure" or "will" of the council and they could be, with certain limitations, removable by it any time without a need to show judicially cognizable good "cause." (Gov. Code, § 1301; *Brown* v. *Superior Court* (1975) 15 Cal.3d 52, 55; 67 Ops.Cal.Atty.Gen. 405, 406 (1984); cf. *Bogacki* v. *Board of Supervisors* (1971) 5 Cal.3d 771, 783; *Chambers* v. *City of Sunnyvale* (1942) 56 Cal.App.2d 438, 441; *Ball* v. *City Council* (1967) 252 Cal.App.2d 136, 141; *Healdsburg Police Officers Assn.* v. *City of Healdsburg* (1976) 57 Cal.App.3d 444, 450.) But where as here an office is created and its term is fixed by law, the incumbent is more securely tenured since "the mode for [his or her] removal must be followed . . . ." (26 Ops. Cal.Atty.Gen. 149, 151 (1955).) In other words, the Legislature "having created the office . . . pursuant to state law, the other 'provisions for' that office prescribed by state law necessarily attached thereto including the . . . removal provisions [for it] . . . ." (66 Ops.Cal. Atty.Gen. 163, 169 (1983).)[5]

The Yuba County Water Agency Act itself contains no provision for removal of agency directors. There is, however, a "special statutory procedure for the removal of public officers" (*Fitts* v. *Superior Court* (1936) 6 Cal.2d 230, 233) which is set forth at title 1, division 4, article 3, section 3060 et seq. of the Government Code. It provides for the removal of "*any officer of a district*, county, or city . . . for willful or corrupt misconduct in office" upon pronouncement of judgment of conviction following a jury trial of an accusation presented by the grand jury of the county where the officer is elected or appointed charging him or her with that. (§§ 3060, 3070, 3072; and see generally, 52 Cal.Jur.3d *Public Officers, etc.*, §§ 133-141.) Directors of the Yuba County Water Agency are "officers" subject to those removal proceedings. (67 Ops.Cal.Atty.Gen. 369, 379 (1984); 64 Ops.Cal.Atty.Gen. 795, 800 (1981); cf., *Rose* v.

---

[5] In 1955, we had concluded that a county counsel appointed by a board of supervisors for a fixed four-year term, pursuant to Government Code section 27641, could not be removed from office under a county civil service ordinance since the Legislature had set the mode for his removal (Gov. Code, § 3060 et seq.) and that had to be followed. (26 Ops.Cal.Atty.Gen. 149, *supra*.) In 1959, the Legislature amended section 27641 to provide that in addition to that mode of removal, a county counsel might be removed from office "at any time by the board of supervisors for neglect of duty, malfeasance or misconduct in office, or other good cause shown . . . ." (Stats. 1959, ch. 1386, § 1, p. 3667.) In 1983, we concluded that a board of supervisors of a general law county could not enact an ordinance to have the county counsel serve at its pleasure for that would conflict with the removal provisions prescribed by state law for the office, i.e., section 27641. (66 Ops.Cal.Atty.Gen. 163, 169, *supra*.)

86-109

*Superior Court of Imperial Co.* (1927) 80 Cal.App. 739, 748-750 [irrigation district officers so amenable], *supra*; 68 Ops.Cal.Atty.Gen. ___ (1985) [69 Ops.Cal.Atty. Gen. i (1986)]; 59 Ops.Cal.Atty.Gen. 604, 613-614, 615.) As such, that mode prescribed for their removal from office must be followed. (*Main* v. *Claremont Unified School Dist.*, *supra*, 161 Cal.App.2d at p. 192; *Rose* v. *Superior Court of Imperial Co.*, *supra*, 80 Cal.App. at p. 751; 26 Ops.Cal.Atty.Gen. 149, 151, *supra*; cf. 66 Ops.Cal.Atty.Gen. 163, 169, *supra*.)[6]

The advisory council does not play a role in itself in the section 3060 removal proceedings. In fact, its power over the directors it elects is extremely limited, for once it elects them "it has no further jurisdiction over them." (67 Ops.Cal.Atty.Gen. 369, 379, *supra*.) Accordingly, we conclude that the Yuba County Water Agency Advisory Council may not itself remove a director it had elected.

*****

---

[6] Other possibilities are of course available. For example, a director would "forfeit his office upon conviction of designated crimes specified in the Constitution and laws of the State." (Gov. Code, § 3000.) In this vein, we note that the same misconduct charged in a grand jury accusation can subsequently be prosecuted as a crime. (*In re Reid* (1920) 182 Cal. 88, 89-90; *In the Matter of Burleigh* (1904) 145 Cal. 35, 37.].) In addition, a directorship would become vacant upon the happening of other events specified in Government Code section 1770.