TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 91-803 |
| of | : | |
| | : | FEBRUARY 5, 1992 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

THE HONORABLE MICHAEL D. BRADBURY, DISTRICT ATTORNEY, VENTURA COUNTY, has requested an opinion on the following question:

May a local agency such as a county board of supervisors use the "pending litigation" exception of the Ralph M. Brown Act to go into closed session to deliberate and take action upon the settlement of a lawsuit?

CONCLUSION

A local agency such as a county board of supervisors may use the "pending litigation" exception of the Ralph M. Brown Act to go into closed session to deliberate and take action upon the settlement of a lawsuit.

ANALYSIS

The Ralph M. Brown Act (Gov. Code, §§ 54950-54962; "Act"),[1] originally enacted in 1953, requires "local agencies"[2] to hold their meetings open to the public except as provided in the Act. (See generally §§ 54951-54952.5, 54953.) Although the Act did not until 1984 specifically provide for closed meetings between a local agency and its attorney with respect to its legal problems, both the courts and this office implied such an exception to the open meeting requirements within the confines of the generally recognized attorney-client privilege. (See *Sutter*

---

[1] All section references are to the Government Code unless otherwise indicated.

[2] "Local agencies" are defined under the Act as including "a county, city, whether general law or chartered, city and county, town, school district, municipal corporation, district, political subdivision, or any board, commission or agency thereof . . . ." (§ 54951.)

1.                    91-803

*Sensible Planning, Inc.* v. *Board of Supervisors* (1981) 122 Cal.App.3d 813, 823-825; *Sacramento Newspaper Guild* v. *Sacramento County Bd. of Suprs.* (1968) 263 Cal.App.2d 41, 51-58; 67 Ops.Cal.Atty.Gen. 111, 112 (1984); 36 Ops.Cal.Atty.Gen. 175 (1960).

In 1984 the Legislature added section 54956.9 (Stats. 1984, ch. 1126; amended, Stats. 1987, ch. 1320) to expressly authorize local agencies to meet with their attorneys in private. Section 54956.9 presently states:

"Nothing in this chapter shall be construed to prevent a legislative body of a local agency, based on advice of its legal counsel, from holding a closed session to confer with, or receive advice from, its legal counsel regarding pending litigation when discussion in open session concerning those matters would prejudice the position of the local agency in the litigation.

"For purposes of this chapter, all expressions of the lawyer-client privilege other than those provided in this section are hereby abrogated. This section is the exclusive expression of the lawyer-client privilege for purposes of conducting closed-session meetings pursuant to this chapter. For purposes of this section, litigation shall be considered pending when any of the following circumstances exist:

"(a) An adjudicatory proceeding before a court, administrative body exercising its adjudicatory authority, hearing officer, or arbitrator, to which the local agency is a party has been initiated formally.

"(b) (1) A point has been reached where, in the opinion of the legislative body of the local agency on the advice of its legal counsel, based on existing facts and circumstances, there is a significant exposure to litigation against the local agency.

"(2) Based on existing facts and circumstances, the legislative body of the local agency is meeting only to decide whether a closed session is authorized pursuant to paragraph (1) of this subdivision.

"(c) Based on existing facts and circumstances, the legislative body of the local agency has decided to initiate or is deciding whether to initiate litigation.

"Prior to holding a closed session pursuant to this section, the legislative body of the local agency shall state publicly to which subdivision it is pursuant. If the session is closed pursuant to subdivision (a), the body shall state the title of or otherwise specifically identify the litigation to be discussed, unless the body states that to do so would jeopardize the agency's ability to effectuate service of process upon one or more unserved parties, or that to do so would jeopardize its ability to conclude existing settlement negotiations to its advantage.

"The legal counsel of the legislative body of the local agency shall prepare and submit to the body a memorandum stating the specific reasons and legal authority for the closed session. If the closed session is pursuant to subdivision (a) the memorandum shall include the title of the litigation. If the closed session is pursuant to subdivision (b) or (c), the memorandum shall include the existing facts and circumstances on which it is based. The legal counsel shall submit the memorandum to the body prior to the closed session if feasible, and in any case no

later than one week after the closed session. The memorandum shall be exempt from disclosure pursuant to Section 6254.1.

"For purposes of this section, `litigation' includes any adjudicatory proceeding, including eminent domain, before a court, administrative body exercising its adjudicatory authority, hearing officer, or arbitrator."

It is within the context of the pending litigation exception of section 54956.9 that we are asked whether a local agency, such as a county board of supervisors, may use this exception to go into closed session to deliberate and take action upon the settlement of a lawsuit. We conclude that a local agency may do so.

In 69 Ops.Cal.Atty.Gen. 232 (1986), we analyzed section 54956.9 in the context of a proposed cease and desist order issued against a city by a regional water quality control board. We stated:

". . . We believe that the requirement of section 54956.9 of the Government Code that the attorney for the legislative body shall state `the specific reasons' for the closed session requires an articulation by him or her as to why the facts and circumstances are such that an open session would prejudice the local agency in the litigation. *In the context of the tentative cease and desist order discussed herein, we can certainly envision the need to have discussed the strength and weaknesses of the city's position with respect to the four out of seven tasks the public works board recommended should be contested at the hearing before the regional board.* This is particularly true since not only could the city have been faced with a cease and desist order as proposed, but the city could also have been subject to civil penalties for failure to comply with the cease and desist order (either administratively or court imposed, see Water Code, § 13350), or could have been the subject of an injunction action brought by this office at the request of the local board (see Water Code, § 13331).

"Whether the city attorney and the city council made the proper `judgment call' under section 54956.9 is beyond the scope of our opinion function, being essentially a question of fact . . . ." (*Id.*, at pp. 238-239; emphasis added, fn. omitted.)

We found that the policy considerations inherent in section 54956.9 were those articulated by the court in *Sacramento Newspaper Guild* v. *Sacramento County Bd. of Suprs., supra*, 263 Cal.App.2d 41, as follows:

"`. . . Government should have no advantage in legal strife; neither should it be a second-class citizen. . . . "Public agencies face the same hard realities as other civil litigants. An attorney who cannot confer with his client outside his opponent's presence may be under insurmountable handicaps. A panoply of constitutional, statutory, administrative and fiscal arrangements covering state and local government expresses a policy that litigating public agencies strive with their legal adversaries on fairly even terms. We need not pause for citations to demonstrate the obvious. There is a public entitlement to the effective aid of legal counsel in civil litigation. Effective aid is impossible if opportunity for confidential legal advice is banned."

"`Settlement and avoidance of litigation are particularly sensitive activities, whose conduct would be grossly confounded, often made impossible, by

undiscriminating insistence on open lawyer-client conferences. In settlement advice, the attorney's professional task is to provide his client a frank appraisal of strength and weakness, gains and risks, hopes and fears. If the public's "right to know" compelled admission of an audience, the ringside seats would be occupied by the government's adversary, delighted to capitalize on every revelation of weakness. A lawyer worth his salt would feel a *sense of treachery* in disclosing that kind of appraisal.'" (*Id.*, at p. 239.)

Here, the application of subdivision (a) of section 54956.9 is apparent in the circumstances presented. Discussion with respect to the settlement of a lawsuit requires of necessity that litigation has commenced. Furthermore, the litigation would still be "pending" until a final adjudication or a dismissal of the cause.

We see little difficulty in determining whether the local body may "deliberate" in private concerning settlement matters. The clear language of section 54956.9 permits the legislative body "to confer with, or receive advice from its legal counsel regarding pending litigation." "Confer" in this context means: "to hold conversation or conference now typically on important, difficult, or complex matters: compare views: take counsel: CONSULT, DELIBERATE." (Webster's New Internat. Dict. (3d ed. 1966) p. 475.)

Unless section 54956.9 were given a strained and unnatural construction, the wording of the statute permits individual members of a legislative body not only to deliberate and exchange opinions *with counsel* but also *among themselves* in the presence of counsel. As we noted in 69 Ops.Cal.Atty. Gen. 232, 239, *supra*, the pending litigation exception fills the need to discuss confidentially with counsel "the strength and weakness of the" local agency's position in the litigation. And as articulated by the court in *Sacramento Newspaper Guild, Inc., supra*, with respect to both "settlement and avoidance of litigation," these are "particularly sensitive activities, whose conduct would be grossly confounded, often made impossible, by undiscriminating insistance on open lawyer-client conferences." (263 Cal.App.2d at p. 56.)

This leaves only the question whether section 54956.9 authorizes a local legislative body to "take action" in closed session with respect to the settlement of litigation. We believe that guidance may be found regarding this issue in section 54957, the Act's so-called "personnel exception." Section 54957 permits a legislative body to meet in closed session "to *consider* the appointment, employment, evaluation of performance, or dismissal of a public employee . . . ." (Emphasis added.) Nothing in section 54957 authorizes the local body to "take action" in closed session. Despite this, both the courts and this office have long acknowledged the right of the local agency to take action in closed session under the terms of section 54957. (See *Krausen* v. *Solano County Junior College Dist.* (1974) 42 Cal.App.3d 394, 404; *Lucas* v. *Board of Trustees* (1971) 18 Cal.App.3d 988, 991; *Cozzolino* v. *City of Fontana* (1955) 136 Cal.App.2d 608, 612; 40 Ops.Cal.Atty.Gen. 4, 6 (1962).) The parallel between section 54957 ("to consider") and section 54956.9 ("to confer") warrants similar treatment.

Furthermore, we believe section 54956.9 itself must of necessity authorize a local agency to take action in closed session. Section 54956.9 is applicable to all phases of litigation, from the initial decision whether to commence litigation to its final disposition. Accordingly, various matters must necessarily be decided such as (1) whether *or not* to file a lawsuit, whether to file at a particular time, or whether to file against particular parties; (2) whether to add or delete causes of actions; (3) whether to add or delete parties; and (4) whether *or not* to file a cross-complaint or raise particular affirmative defenses. These are all matters which may arise in the normal course of litigation, and which require decisions to be made based upon the advice of counsel and the strength and weakness of the particular case. Yet they are of such a nature that they should

be neither discussed nor *decided* in public session unless the local agency is to be required to divulge all its strategy in public.

The same reasoning would be applicable to settlement matters as presented by the question here.  Unless a local agency is to be a "second class citizen" with its opponents "filling the ringside seats," (*Sacramento Newspaper Guild* v. *Sacramento County Bd. of Suprs., supra,* 263 Cal.App.2d at 56), it must be able to confer with its attorney and then decide in private such matters as the upper and lower limits with respect to settlement, whether to accept a settlement or make a counter offer, or even whether to settle at all.  These are matters which will depend upon the strength and weakness of the individual case as developed from conferring with counsel.  A local agency of necessity must be able to decide and instruct its counsel with respect to these matters in private.

Finally, we note that other provisions of the Act (besides § 54957 already discussed) provide for or of necessity contemplate that action will be taken in closed session.  (See, e.g., §§ 54956.7 [closed session regarding applications for licenses by individuals who have criminal records], 54956.8 [closed session regarding real estate negotiations and to instruct the local agency's negotiators], 54957.6  [closed session to instruct the local agency's designated representative in collective bargaining matters].)

In short, despite the fact that the general thrust of the Act is for public agencies to hold their meetings, deliberate, and take action in public, the Act recognizes the need at times to both deliberate and act in private when necessary due to important  policy considerations.

We therefore conclude that a local agency such as a county board of supervisors may use the pending litigation exception of the Act to go into closed session to deliberate and take action upon the settlement of a lawsuit.[3]

* * * *

---

[3]See also Attorney General's Publication, "Open Meeting Laws," 1989 Revision, at page 41:

> "It should also be emphasized that the purpose of the [litigation] exception is to permit the [local] body to receive legal advice *and make litigation decisions* only; it is not to be used as a subterfuge to reach nonlitigation oriented policy decisions."  (Emphasis added.)

A prior version of this publication was given "great weight" by the court in *Henderson* v. *Board of Education* (1978) 78 Cal.App.3d 875, 882-883.