John G. OPPENHEIMER, Plaintiff-Appellant,

v.

Lester William ROTH et al., Defendants-Appellees.

John G. OPPENHEIMER, Plaintiff-Appellant,

v.

DEPARTMENT OF PERSONNEL et al., Defendants-Appellees.

Nos. 72–1592, 72–1814.

United States Court of Appeals, Ninth Circuit.

Aug. 28, 1972.

Rehearing Denied Oct. 10, 1972.

John G. Oppenheimer, in pro. per.

Henry G. Ullerich, Deputy Atty. Gen., Robert B. Reagan, Deputy County Counsel, Los Angeles, Cal., for defendants-appellees.

Before KOELSCH, DUNIWAY and CHOY, Circuit Judges.

PER CURIAM:

John G. Oppenheimer filed a suit for injunctive relief in the federal district court, alleging that he was denied due process of law when his state court appeal was dismissed as frivolous without a return of his fifty dollar filing fee. The district court dismissed the instant action for failure to state a claim upon which relief could be granted and for want of subject matter jurisdiction. We affirm.

Oppenheimer's motions and papers were prepared without the assistance of trained legal counsel. Fairly read, his complaint is that he was denied civil rights by persons acting under the color of state law; essentially, this is a suit under 42 U.S.C. § 1981 et seq. Without an allegation that a constitutional right was violated, the federal

district court lacks subject matter jurisdiction. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

 Generally, there is no requirement of due process that a state provide for appellate review of civil cases. National Union of Marine Cooks & Stewards v. Arnold et al., 348 U.S. 37, 43, 75 S.Ct. 92, 99 L.Ed. 46 (1954). However, the appeal process which is created "must be exercised without discrimination." Id. at 43, 75 S.Ct. 92. Oppenheimer has failed to allege that he was discriminated against when the justices of the California Court of Appeal dismissed his appeal as frivolous. He would have us determine whether the appeal is frivolous. This we cannot do. Furnish v. Board of Medical Examiners of California, 257 F.2d 520, 522 (9th Cir. 1958).

Affirmed.